CORDER v. WILLIAMS.

**Fraud:** CONVEYANCE. Where one, being threatened with an action of tort in which the plaintiff afterward recovered, conveyed his real estate to a member of his family without consideration, such conveyance was set aside and the land subjected to the payment of the judgment.

*Appeal from Appanoose District Court.*

TUESDAY, JUNE 15.

THIS action is brought by the plaintiff, to set aside a conveyance of lands from Zadock Williams and wife, to the defendant, their daughter, for the alleged reasons that the same was made with the intent to defraud creditors; and that plaintiff is a judgment creditor of the grantor, Zadock Williams. On a trial by the court below a decree was entered for the plaintiff. Defendant appeals.

*Vermilion & Haynes* and *Crosby & Clark*, for appellants.

*Tannehill & Fee*, for appellee.

MILLER, CH. J.—The court below found that the sale of the farm by Zadock Williams and wife, to their daughter, Sarah D. Williams, was fraudulent, and ordered that such sale be set aside, and that execution issue for the sale of the land to satisfy plaintiff's judgment and costs. Upon the evidence in the record before us this decree is clearly right. It is quite clear to our minds that the sale was merely colorable, made and entered into by the parties, for the purpose of preventing the creditors of the grantor from seizing the land on execution. The cause of action upon which plaintiff's judgment

was obtained accrued prior to the sale, and the plaintiff was threatening a suit thereon at the time of such sale, and, though there is no direct positive evidence that the defendants knew of such threat when the sale was made, the facts and circumstances of the case make it appear satisfactorily that they did know it, and it is very evident from all the evidence that the purpose of the sale was to prevent the collection of this claim of plaintiff's, and also claims of other creditors, from being enforced against the real estate conveyed.

The decree of the court below must be

AFFIRMED.