GRAY v. MYERS.

1. **Practice**: PLEADING: DEMURRER. Where leave has been granted for an extension of time in which to file an answer, it is within the discretion of the court to permit a demurrer to be filed, and the action of the court will not be reversed unless it be shown that there was prejudicial error in the ruling.

2. **Administrator**: AUTHORITY OVER REAL ESTATE. Unless the personalty is insufficient for the payment of debts, the administrator has nothing to do with the realty, which descends to the heirs at law.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 12.

THIS is an equitable proceeding, and the plaintiff's right to recover is based on the following facts as stated in his petition: That plaintiff is administrator of James M. Berry, deceased, who, in his lifetime, was the owner of certain real estate described in petition; that the same had been sold for taxes, and to redeem therefrom Berry borrowed the sum of five hundred dollars, defendant going his security for the re-payment of said money; that, to indemnify defendant against loss or damage by reason of said suretyship, the tax certificate was assigned to defendant, and he gave to Berry a bond agreeing to convey him said premises provided defendant did not have to pay the borrowed money; that said bond was left with one Stephens, and that defendant has obtained possession

thereof, and refuses to convey the premises, although he never has been compelled to pay said borrowed money or any portion thereof; the same having been paid by Berry in his lifetime.

The prayer of the petition is that defendant be compelled to convey to plaintiff as administrator aforesaid, the real estate described in petition. To this petition defendant demurred, which being sustained the plaintiff appeals.

*Thompson & Davis*, for appellant.

*Preston & Son*, for appellee.

SEEVERS, CH. J.—I. The abstract states that on Oct. 19, 1875, the defendant appeared and asked leave to file his answer in thirty days, whereupon the court continued the cause, and ordered the defendant to answer in thirty days. On the 31st day of December, 1875, the defendant instead of answering demurred.

*1. PRACTICE: pleading: demurrer.*

On the 14th day of March, 1876, the plaintiff filed a motion to strike the demurrer, because under the order of the court an answer only could be filed, and that neither an answer or demurrer was filed within the time prescribed by the court. This motion was overruled.

In *District Township of Newton v. White*, 42 Iowa, 608, we sustained the action of the court below in striking from the files a demurrer where leave had been given to answer in thirty days, and we must affirm the action of the court in the case at bar in this respect, because, 1. These matters are, and must of necessity be, largely within the discretion of the District Court. Before we can reverse the ruling below on questions like this, the abstract should show all the facts and circumstances surrounding the transaction, and that there was prejudicial error in the ruling. It is somewhat difficult to conceive how there could be such error where the demurrer (as in this case), raises the question that, conceding all that is said in the petition to be true, the plaintiff is not entitled to the relief demanded. If the demurrer had been on some ground that would have been regarded as waived in case an answer had been filed, this might present a different question.

2. The abstract fails to state any facts except those above stated, and it fails to state there were no other facts or matters presented to the court upon the hearing of the motion. Error must be affirmatively shown, and we must indulge in the presumption, when the contrary does not appear, that there were matters before the court which warranted the ruling.

II. The demurrer is grounded on the fact that by his own showing the plaintiff is not entitled to recover, for the reason 2. ADMINIS- that as administrator he has no right to hold or TRATOR: au- have vested in him the title to said real estate, thority over real estate. under the facts stated in the petition.

Unless it be necessary to be sold for the payment of debts, the administrator has nothing whatever to do with the real estate, but it descends to the heirs at law. That this real estate might in some proper proceeding have been charged with the payment of debts if there was not sufficient personalty for this purpose, we can readily conceive. But such is not the object of the action, nor is it averred there are any debts, or that the personalty is insufficient. We are therefore of opinion the demurrer was properly sustained. *Kinsell v. Billings*, 35 Iowa, 154.

AFFIRMED.