# THE CAIRO AND ST. LOUIS RAILROAD COMPANY

## *v.*

## WILLIS CAUBLE.

LIEN—*against railroad—sufficiency of petition as to notice.* A sub-contractor, furnishing materials or labor in the construction of a railroad, is not entitled to a lien on the railroad, unless he complies with the statute in regard to giving notice to the railroad company. Where the petition to enforce the lien only shows the filing of a notice with the circuit clerk, without averring that the president and secretary of the company did not reside in the county, or could not be found in the county, it is fatally defective, as failing to show a right to the lien.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

This was a proceeding, commenced by Willis Cauble, to establish a lien in his favor against the Cairo and St. Louis Railroad Company, as sub-contractor under H. R. Payson & Co., for materials furnished to that firm, who were principal contractors for constructing that company's railroad, under the provisions of the statute giving a lien in such cases. The suit was commenced in assumpsit, and to both counts of the declaration a demurrer was sustained. On leave given to amend, petitioner filed a petition under the statute, making the railroad company, H. R. Payson and Ferdinand Canda, partners under the name of H. R. Payson & Co., and M. S. Hall, defendants, in which it is alleged he furnished materials and performed labor for the principal contractors in the construction of the railroad, and asks to have a lien established in his favor, for the value of the materials furnished and labor performed, against the property of the railroad company. Only the railroad company was served with process, and there was a return not found as to all other defendants. A demurrer to the petition was overruled, and defendant electing to stand by its demurrer, the court gave judgment against the railroad company for the amount of petitioner's claim and costs of suit. The railroad company brings the case to this court on appeal.

Mr. L. P. Butler, and Mr. W. S. Searls, for the appellant.

Mr. J. B. Mayham, and Mr. R. J. Stephens, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

Several important questions have been discussed, but as we think the petition is defective in not showing the requisite notice was given to entitle the sub-contractor to a lien for materials furnished and labor performed, against the property of the railroad company, under the statute, that is all the point we will consider.

It will be observed, the lien is only given on condition such sub-contractor, material-man or laborer shall have complied

with the statute. One condition is, that such party shall, within twenty days after the completion of such sub-contract or labor, cause a notice in writing to be served upon the president or secretary of such railroad corporation, but if neither shall reside or can be found in the county in which such sub-contract was made or labor performed, such notice shall be filed in the office of the clerk of the circuit court, and it is made the duty of such clerk to file and keep a record of such notice and to cause a copy of the same to be mailed to the president or secretary of such company. Rev. Stat. 1874, p. 672, §§ 53, 54. Whether the president and secretary of the defendant corporation, or either of them, resided in or could be found in the county where the sub-contract was made or the labor was performed, the petition is silent. All the allegation on that subject is, that petitioner did, "within twenty days from the completion of said work and the furnishing of said lumber and material, file in the office of the clerk of the circuit court * * * a notice of his intention to obtain and perfect a lien on said Cairo and St. Louis railroad under and according to the statute." That averment is insufficient. Petitioner was not authorized to file the notice required to be given to the railroad company with the clerk of the circuit court, unless neither the president nor secretary of such corporation shall reside or can be found in the county where the sub-contract was made or the labor was performed. It does not appear from any averment, the contingency had happened on which petitioner was authorized to file notice with the clerk of the circuit court of his intention to obtain and perfect a lien against the railroad for anything due him from the principal contractors, and hence the notice filed with the clerk is insufficient to charge defendant. The allegation is not, as counsel suggests, the notice was filed with the clerk of the circuit court "under and according to the statute," but the notice is of "his intention to obtain and perfect a lien" on the railroad "under and according to the statute." There is nothing in the petition or elsewhere in the record that aids the defective averment as to the notice, and it being insufficient to

charge defendant, it was error to overrule the demurrer to the petition.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*