CHRISTINA JONS, Appellee, v. SARAH CAMPBELL *et al.,* Appellants.

1. **Fraudulent Conveyances:** HUSBAND AND WIFE: EVIDENCE. During the pendency of certain actions against the plaintiff's husband for damages on account of his alleged adultery with one V., he made to the plaintiff his promissory note for five thousand dollars, which it was alleged was given her by way of compensation for her condoning the offense. It appeared that V. was employed at the home of the plaintiff, and that the latter knew of the adultery between her husband and V., and that V. frequently had illicit intercourse with other men who were in her husband's employ, but both V. and the men were continued in their employment, and no serious objection thereto was made by the plaintiff, nor any action for a divorce or separation commenced against her husband. At the time the note was given the husband was contemplating insolvency, and soon afterwards conveyed nearly all of his property to others. *Held,* that a conveyance of property to the plaintiff from her husband in consideration of such note was invalid as against the creditors of the husband.

2. **Practice in Supreme Court:** FORM OF ABSTRACT: COSTS. Where a large part of the testimony taken upon the trial of a cause was unnecessarily set out in the abstract by question and answer, and deeds were given given at length, including the certificates of acknowledgment, *held* that one-half of the costs of the abstract would be taxed to the appellant, though successful upon the appeal.

*Appeal from Crawford District Court.*—HON. J. P. CONNOR, Judge.

THURSDAY, FEBRUARY 4, 1892.

ACTION in chancery to set aside and annul a sheriff's sale of certain real estate. There was a full hearing on the merits, and a decree for the plaintiff. The defendants appeal.—*Reversed.*

*Ambrose & Duffie* and *Shaw & Kuehnle,* for appellants.

*F. L. Boynton* and *R. Shawvan,* for appellee.

ROTHROCK, J.—I. The facts out of which the
action arose are as follows:  On the eighteenth day of

*1. FRAUDULENT conveyances: husband and wife: evidence.*

July, 1887, the defendant Sarah Campbell
commenced an action against Mathias
Jons, who was then and is now, the
husband of the plaintiff.  The original
notice in that case was served on Jons on the fifteenth
day of July in said year.  In August, 1888, the said
action was tried, and judgment was rendered for the
plaintiff therein for six hundred and fifty dollars and
costs.  Execution was issued upon the judgment, and
the land in question was levied upon and sold.  The
plaintiff, by her petition, claims that she is the owner
of the land by virtue of a conveyance to her, executed
by Mathias Jons, her husband, on the eighteenth day
of July, 1887, and she demands that the sheriff's sale
be set aside, and her title quieted.  It is admitted by
the defendants that the said Mathias Jons conveyed the
legal title of the land to the plaintiff at the time
named, but it is averred that the conveyance was
without consideration, and fraudulent as to the credi-
tors of the said Mathias Jons.  The consideration upon
which it is sought to sustain the conveyance from the
husband to the wife is a promissory note for five
thousand dollars, executed by him to her in the month
of March, 1883.  This note was executed under the
following circumstances:  Immediately preceding the
execution of the note Mathias Jons had been charged
with the paternity of a bastard child by one Catherine
Vogt, and certain actions had been brought against
him for damages growing out of his alleged adultery
with Catherine Vogt.  The note was given because of
these charges.  This is conceded.  But it is claimed in
behalf of the plaintiff, that, notwithstanding the note
was given soon after said actions were commenced, yet
there was a good consideration therefor, because when
the plaintiff learned of the charges against her husband

she determined to separate from him and procure a divorce on account of his adultery with said Catherine Vogt, and that the note was given in the way of compensation to her for condoning the offense. Counsel have discussed the question as to whether this would be a sufficient consideration. It is claimed in behalf of the appellant that there can be no valid consideration in such cases unless an action for divorce or separation has been actually commenced. As we read the evidence in this case, we do not think it necessary to determine that question.

As we have said, it is conceded that the note was given because of the legal proceedings then commenced against the plaintiff's husband. The time at which it was given strongly indicates that it was the purpose to make the plaintiff a creditor of her husband in view of the litigation against him. The woman Catherine Vogt was for a long time an employe at the house of the plaintiff and her husband, and he at the same time had hired men. Long before this note was given, the plaintiff knew that the girl and the hired men had sexual intercourse in her house. Mathias Jons testified thereto as follows:

"*Q.* Now, you say this girl had been intimate with some other fellows, do you? Now, who were they? *A.* There were three or four of them. Different ones.

"*Q.* How do you know? *A.* Me and my wife heard them go to bed with her two or three times. I had a cousin that worked for me, and we heard them go to bed together two or three times.

"*Q.* Didn't make any objection to it, you or she? *A.* I didn't make any.

"*Q.* You don't know of your wife making any objection to it, do you? *A.* Yes, I do.

"*Q.* What objection did she make? *A.* She thought it was pretty loose for a girl to go to bed with a man.

"*Q.* Did she talk so with you? *A.* Yes, sir.

"*Q.* This girl worked there for you in your family?.
*A.* Yes, sir.

"*Q.* How long? *A.* Three or four months, I think..

"*Q.* But these other fellows worked there at that
time? *A.* Yes.

"*Q.* You kept the men and the girl just the same?.
*A.* They were good people to work."

In answer to a question as to whether the plaintiff
knew that her husband had committed adultery, he tes-
tified as follows: "Oh, she knowed I had. She
knowed I had something to do with her."

We think the fair preponderance of the evidence
is to the effect that the note was not given to condone
the offense of. adultery, but that it was merely to lay the
foundation for a claim to the property in view of the
legal embarrassments then surrounding the husband
of the plaintiff. The whole case really depends upon
the testimony of the husband. His testimony was
twice taken. In a deposition taken long before the
trial he testified positively that he had never at any
time been guilty of adultery with Catherine Vogt. In
his second examination as a witness he testified that he
had sexual intercourse with her, and gave the time and
places of the occurrences. Under all the facts disclosed
in evidence, we do not believe that the plaintiff exacted
the note because she contemplated a separation and a
divorce from an adulterous husband. Taking into con-
sideration the time at which the note was executed with
reference to the prosecutions against the husband, and
the fact that the land in controversy was not conveyed
to the plaintiff until the action of the defendant Sarah
Campbell was commenced, and the other facts and cir-.
cumstances disclosed in the record, we have no hesi-
tancy in holding that the conveyance was void as to
creditors. And it sufficiently appears that Mathias
Jons was insolvent when he made the conveyance of
the land in controversy to the plaintiff, or at least that
he was then contemplating insolvency. After. that

time he conveyed to others all, or nearly all, of his property. The conveyance to his wife cannot be sustained on the ground that it was in fact no prejudice to his creditors.

II. It is claimed in behalf of the plaintiff that part of the costs of the abstract should be taxed to the defendants. We think the claim is well

2. PRACTICE in supreme court: form of abstract: costs.

founded. A large part of the testimony of the witnesses is set out by question and answer, the greater part of which appears to us to have been wholly unnecessary; and several deeds are set out at length, including the whole of the certificates of acknowledgment. One half of the cost of the abstract will be taxed to the appellants. The decree of the district court is REVERSED.