GEORGE CARBIENER v. HENRY MONTGOMERY AND ANNIE MONTGOMERY, Appellant.

| 97 | 659 |
| 101 | 263 |
| 97 | 659 |
| 141 | 460 |

**Fraudulent Conveyance: WHO MAY SET ASIDE.** One who has recovered a judgment for a tort, may attack, as fraudulent, a conveyance made by the judgment debtor, before the rendition of the judgment, where the tort was committed in whole or in part, prior to the conveyance.

**RES ADJUDICATA.** Where the validity of a previous settlement was in issue in an action for damages, and was determined by the jury, it became *res adjudicata*, and cannot be relitigated in an action to subject lands to the payment of the judgment for damages.

**2-5-7 Evidence.** Held to be sufficient to set aside conveyance.

**HUSBAND AND WIFE:** *Consideration.* An advance by the wife to her husband, of money, at different times, part of which is used in the support of the family, without any promise by him of repayment,

is not a valid consideration, as against creditors, for a conveyance to her of the husband's real property.

**Subsequent Creditors.** A conveyance made with intent to hinder, 4 delay, and defraud creditors, is invalid as to subsequent, as well as to antecedent creditors.

*Appeal from Butler District Court.*—HON. PORTER W. BURR, Judge.

SATURDAY, APRIL 11, 1896.

CREDITORS' bill to set aside an alleged fraudulent conveyance of real estate. The lower court subjected the land to the payment of plaintiff's judgment, but established a lien thereon for the sum of eight hundred dollars, in favor of defendant, Annie Montgomery, and declared it to be prior and superior to plaintiff's lien. The defendant, Annie Montgomery, appeals. —*Affirmed.*

*M. Hartness* and *Gibson & Dawson* for appellant.

*Baker & Ball* and *Courtright & Arbuckle* for appellee.

DEEMER, J.—On the twenty-seventh day of February, 1894, the plaintiff recovered a judgment against the defendant, Henry Montgomery, in the sum of two thousand and one dollars, for alienating the affections of, and seducing his (plaintiff's) wife. It is alleged that plaintiff's cause of action on which the judgment was rendered, accrued prior to December 28, 1892. On the twenty-ninth day of December, 1892, the defendant, Henry Montgomery, conveyed certain real estate, consisting of about two hundred and sixty acres, to his wife, the defendant, Annie Montgomery. It is alleged that this conveyance was without consideration; that it was made with intent to cheat, hinder, delay, and defraud the creditors of Henry Montgomery,

and particularly the plaintiff herein; that defendant, Henry Montgomery, has no other property in his own name subject to execution, and that he is insolvent. It is further alleged that at the time the conveyance was made, defendant, Henry Montgomery, was under guardianship; that one E. W. Soesbe, was at that time guardian of his property, both real and personal, and that by reason of said guardianship, and of the further fact that he had theretofore been adjudged to be a drunkard and spendthrift, he was incapacitated from making the deed to his wife. The defendants, in answer, admit that plaintiff recovered a judgment against Henry Montgomery as stated; admit that Henry Montgomery conveyed the land referred to in the petition to Annie Montgomery, on December 28, 1892; but deny that plaintiff was a creditor of Henry Montgomery at the time the conveyance was made, and deny that the conveyance was without consideration, or was fraudulent and void, as claimed. They further aver that at the time the conveyance was made, Henry Montgomery was solvent, and possessed of sufficient property other than the real estate in question, to pay all his then-existing debts. They further aver, that the conveyance attacked by plaintiff was made in good faith, and for valuable consideration. They admit that one Soesbe was, on the application of Annie Montgomery, appointed temporary guardian of the property of Henry Montgomery, on the sixteenth day of December, 1892, and that he continued so to act until April 25, 1893, but they allege that he did not take possession of, or assume control of the real estate in controversy. They further allege, that the application for guardianship was for the protection of Annie Montgomery and her children; that at the time of the conveyance of the real estate the legal title thereto was in Henry Montgomery, but that his wife, Annie

Montgomery, the defendant, was the equitable owner thereof; that Annie Montgomery had at the time good cause for divorce against her husband, on the ground of adultery and habitual drunkenness, and that the conveyance was made in consideration of an agreement, on the part of Annie Montgomery, not to prosecute her action for divorce and alimony against her husband, and a further agreement on her part to assume and pay the mortgage then existing upon the land, and certain other unsecured debts for materials used in the construction of improvements, and of her agreement to dismiss her action for the appointment of a permanent guardian; that on March 3, 1893, pursuant to said agreement, the action for the appointment of a guardian was dismissed, and the temporary guardian was ordered to file a report, which he did in April of 1893, and said report was approved, and the guardian discharged, and it was adjudged that there was no necessity for the continuance of the guardianship; that by reason of such adjudication plaintiff is estopped from asserting any rights adverse to defendant under the guardianship. Upon the issues thus formed the case was submitted to the court with the result above stated.

The first inquiry in the case is, was the plaintiff a creditor of Henry Montgomery at the time of the conveyance to the wife, and, if not, did he occupy such position as that he may attack the conveyance? In his petition which he filed in the case in which he obtained judgment against defendant Henry Montgomery, he stated that about the month of April, 1892, the said defendant began attempting to alienate and destroy the affections of plaintiff's wife, and by systematic course of wrong conduct from said time until December 27, 1892, he succeeded in wholly alienating and destroying her affections; and that during the time from April, 1892, to June, 1893, defendant

seduced, debauched, and carnally knew plaintiff's wife frequently and at divers times during said time. It also appears from the petition that plaintiff claimed damages for an assault made upon him by the defendant on the twenty-seventh day of December, 1892. A special verdict was returned by the jury in this case, however, which shows that the jury allowed plaintiff two thousand dollars for the alienation of his wife's affections and one dollar for the assault. It also appears that plaintiff herein commenced another action against defendant, Henry Montgomery, based upon the alienation of his wife's affections, and that notice of this action was served upon said defendant on December 29, 1892. This action was settled and compromised by the parties, but it was claimed in the trial of the second action, that this settlement was procured by fraud, and the jury evidently found for the plaintiff on this issue. On trial of this case Annie Montgomery testified: "I did not pay him anything for the land at the time the deed was made. He made the deed because he was going away. He was going away because he had quarreled with George Carbiener. He said he was going to leave the country, because he had quarreled with George Carbiener, because he thought Carbiener was going to sue him. That is what he told me. I asked him to deed the property, if he was going to leave the country, because it was more mine than his. He made the deed. I did not give him anything; did not pay him anything; did not give him any notes or mortgages; did not give him any consideration of any kind at that time, and have not given him anything since in consideration for the land. He did not have any other property at the time he made the deed. He conveyed everything to me; all that he had. This land, and the house and lot in town, and the note and the mortgage for one thousand five

hundred dollars, was all that he had. He had given me the note and mortgage before that." On cross-examination, she testified: "I was to have support for myself and children. That he would deed me the land. I would raise and support the children, and assume all debts against the property." "I told him, as he was going away, he had a right to deed all the property to me, as more of it was mine than his. He said that he would. That is so. He said he wanted me not to sue for divorce, and he wanted the guardianship to be off him, and if I would assume and pay all debts and mortgages I was to pay, he would do so. I told him I would. He said that as long as he was quarreling with me and fighting with Carbiener, it was better for him to go away awhile, and that I was to live with him after he came back. I told him that I would live with him after he came back. I wanted him to deed it to me so I could have it, because I wanted it. I wanted it because it belonged to me. When he was not doing what was right, I wanted my share. I wanted him to deed it to me because the property was more mine than his. I wanted it to raise the children. I wanted my own share." She further testified as follows: "Question. Then that was, you wanted to raise your children with it? Answer. I wanted my part, whatever you make that out. Q. You wanted your own part, so you could save it and raise the children? A. I wanted it so I could have it for myself. I wanted him to help raise the children. He had as good a right to help raise them as I did. Q. What did you give him for his share in the property? A. I did not give him anything. Q. And what you wanted him to deed to you was your share of it, so you could have it; that is what you asked him to do? A. I wanted him to deed all the property to me. He deeded it all to me. Q. Why did you want him to

deed it all to you?    A.    Because I wanted it.    Q.
That was the only reason?    A.    Yes, sir."

Now, it quite clearly appears from other testimony adduced that the tort, which was the basis of plaintiff's recovery, was committed, at least in part, prior to the time the conveyance in question was made, and that plaintiff had a cause of action against defendant for the wrong he had committed prior to the time the deed was executed.  Indeed it appears to us from the entire record, that the wrong was wholly committed prior to December 29, 1892.  The rule seems to be well settled that a demand arising from a tort is in force from the time of the commission of the wrong.  Appellant insists that the judgment in this case is for a continuing wrong, part of which was committed prior, and part subsequent, to the time of the conveyance, and that the judgment is a subsequent debt; citing *Usher v. Hazeltine*, 5 Me. 471; *Moritz v. Hoffman*, 35 Ill. 555; and other cases.  We need not determine the correctness of this contention, for our consideration of the testimony leads us to the conclusion that the conveyance was not in good faith, but, on the contrary, was made with intent to hinder, delay, and defraud the plaintiff.  That such a conveyance is invalid, as to subsequent, as well as to antecedent creditors, seems to be well settled.  *Romans v. Maddux*, 77 Iowa, 203 (41 N. W. Rep. 763); *Harrison v. Kramer*, 3 Iowa, 543; *Corder v. Williams*, 40 Iowa, 582; *Weir v. Day*, 57 Iowa, 84 (10 N. W. Rep. 304); *Whitescarver v. Bonney*, 9 Iowa, 480.  Appellant contends that there is not sufficient evidence of want of consideration or of fraud, to justify the action of the court in setting aside the deed.  She claims that the deed was made in consideration of an agreement on her part, not to sue her husband for divorce, to have the application for guardianship of her husband's

property dismissed, to support and maintain the children, and to assume and pay the mortgages upon the land, and the debts due for materials used in improving the premises. She also claims that she let her husband have eight hundred dollars, which went in part payment of the purchase price of the land, and that the conveyance was made in consideration of the money so furnished. As to this last claim of appellant, it is sufficient to say that, while it is true she gave her husband the money, as claimed, yet it was furnished at different times, without any agreement to repay the same, and was used, partly at least, for the support of the family. Under such a state of facts, it has been held that the wife cannot enforce the repayment for the same, either against her husband or his estate, and that such an advancement of money will not constitute a valid consideration for the conveyance of real estate. *Hanson v. Manley*, 72 Iowa, 48 (33 N. W. Rep. 357); *Romans v. Maddux, supra*. It is not necessary to determine whether the alleged agreement between the appellant and her husband, by which she bound herself not to prosecute an action for divorce, and to withdraw her application for permanent guardian, and to support the children, and pay the mortgages upon the land, and other debts, was a sufficient consideration for the conveyance; for we are well satisfied that the deed was made by reason of threatened litigation between plaintiff and defendant's husband, and with intent to save the property to the wife, and thus hinder and defeat the plaintiff in the collection of his claim. The time at which the conveyance was made, and the circumstances attending it, strongly indicate that it was the purpose of the parties to make the wife a creditor of the husband, in view of the impending litigation. We need not set out the evidence which leads us to this conclusion. A fair preponderance of it shows

that the conveyance was made in view of the legal complications then gathering around the appellant's husband.   The case is, in its facts, quite similar to the case of *Jons v. Campbell*, 84 Iowa, 557 (51 N. W. Rep. 37).

It is not important that we determine whether the deed in question is void because of the incapacity of Henry Montgomery to make it.   If it be conceded that he had the legal capacity, or if it be found that after the discharge of the guardian, which occurred more than three months prior to the bringing of this suit, he ratified and adopted the same, yet, as the conveyance was in fact fraudulent, the defendant, Annie Montgomery, cannot rely upon it and hold the land as against the plaintiff.

Appellee complains of that part of the decree establishing a lien for the sum of eight hundred dollars, and interest, in favor of appellant.   As he does not appeal, we cannot give him any relief, even if we should conclude that he was entitled to it.

Much is said in argument by appellant regarding the effect which should be given to a settlement made between plaintiff and Henry Montgomery after the commencement of the first suit.   The record of the case in which the judgment was obtained, shows that the validity of this settlement was in issue in that case, and that the jury found the same was fraudulent.   This is an adjudication binding upon the parties, and cannot be relitigated in this proceeding.   It seems that in this settlement, plaintiff received the sum of two hundred and forty dollars, which he has never tendered back to the defendant Henry Montgomery, and it is claimed that he is now estopped from attacking the same.   This is also a question which was, or should have been, tried in the action in which plaintiff obtained his judgment.   It cannot be considered now.

We have examined the entire record with care, and are satisfied with the decree rendered by the district court.—AFFIRMED.