## P. J. BRUNDAGE v. J. L. CHENEWORTH, Administrator of the Estate of SOLOMON PERCEY.

**Fraudulent Conveyance:** SECRET TRUST: *Subsequent creditor.* A conveyance of land to a grantor's wife, on the agreement that he was to remain the actual owner of the entire beneficial interest, and that his wife was to hold the property in trust for him, is fraudulent as to both existing and subsequent creditors.

SUBSEQUENT CREDITORS. A conveyance which is merely voluntary, and made without fraudulent view or intent, cannot be impeached by subsequent creditors.

SAME. A conveyance actually and intentionally fraudulent as to existing creditors, cannot, as a rule, be impeached by subsequent creditors, for that reason alone. This rule is, however, subject to the following exceptions, among others: Conveyances made with the express intent of defrauding subsequent creditors, those made with express intent to become subsequently indebted, cases wherein the grantor pays existing creditors by contracting other debts in like amount, and conveyances made to avoid risks or losses likely to result from new business ventures or speculations.

PLEADING. An amendment to a petition in an action to set aside an alleged fraudulent conveyance of land and subject it to the payment of a judgment against the grantor, who has died since the conveyance, which charges that the conveyance to the grantor's wife was made on the express agreement that the grantor was to deed and remain the actual owner of the entire beneficial interest in the land conveyed, and that a conveyance of the land to the grantor's son was made on condition that the latter was to hold the title in trust for his father, is not objectionable as being cumulative, where the original petition contained no such allegation in regard to the son, although the same allegations were contained with regard to the conveyance to the wife.

PARTIES. An administrator who by agreement of parties is authorized to lease certain lands on terms agreed on and produce the proceeds arising therefrom in court and to pay taxes, does not have such an interest as to require him to be made a party to an appeal from a judgment refusing to set aside a conveyance of such land by the intestate as fraudulent and subject it to payment of a judgment against the intestate, it not appearing that there were no heirs to take possession of the land.

LACHES.  An action by a subsequent creditor to set aside a fraudulent conveyance cannot be held barred by laches, having been commenced immediately after recovery of judgment on his debt, and it not appearing how long prior to judgment his debt had existed.

Appeal: PRESUMPTION: *Notice.* It being averred in the abstract that all defendants were duly served with notice, it will be persumed that a defendant minor whose age does not appear was duly served, although it does appear that his guardian was not served.

SAME.  No appeal will be dismissed for failure to serve notice upon a co-party where, for aught that appears, such party has no interest which can be adversely affected by any decision the Supreme court may make.

SAME.  Notice of appeal is not shown to have been served on an administrator substituted for a deceased defendant, because it is recited in the abstract, merely, that there was legal service of the notice on all the defendants, the name of the administrator not appearing in the list of defendants set out in the notice.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, FEBRUARY 9, 1897.

THIS is an action in the nature of a creditors' bill to set aside an alleged fraudulent conveyance, and subject certain real estate to the payment of a judgment obtained by plaintiff against one Solomon Percey. The judgment was rendered in April, 1894. In 1878, Solomon Percey, the judgment defendant, it is alleged, was indebted and insolvent; that he has ever since been insolvent; that he conveyed the lands in controversy to his wife, "with the intent of hindering, delaying, and defrauding his creditors." Thereafter, the wife died, and the husband executed a deed to the defendant Lionel Percey, conveying an undivided one-third interest in said land, which deed, it is alleged, was signed and placed of record for the sole purpose of hindering, delaying, and defrauding the creditors of the grantor. The other defendants are either heirs of Solomon Percey, now deceased, or holders of alleged

liens upon the land.  A demurrer was sustained to the petition.  An amendment was filed, making other averments, which amendment was, on motion, stricken out, as being merely cumulative.  Plaintiff electing to stand upon his petition, judgment was rendered against him for costs, and he appeals.—*Reversed.*

*Hartley & Irwin* for appellant.

*Palmer & Van Dyke* for appellees.

KINNE, C. J.—I.  Appellees insist that this appeal must be dismissed because no service of notice of appeal has been made upon the administratrix of Solomon Percey, nor upon the minor Lionel Percey. It appears from the record that Solomon Percey had died, prior to September 13, 1894, and that on said date Cheneworth, his administrator, was substituted as a defendant.  The notice of appeal was served October 7, 1895.  In the abstract it is alleged to have been served upon the defendants, and upon the clerk, as by statute provided.  In the additional abstract of appellees the notice is set out, from which it does not appear that any notice of appeal was served upon Cheneworth, as administrator or otherwise, either personally or upon his attorneys; nor does it appear therein that a notice of appeal was served upon Cheneworth as guardian *ad litem* for Lionel Percey, who is shown to have been a minor, and Cheneworth is shown to have been his guardian.  There is nothing in the record indicating the age of said minor, but the allegation is made in the abstract of appellees that he was duly served with a notice of appeal.  If the minor was over fourteen years of age, service on him would be sufficient.  Code, section 2614.  As the abstract avers legal service on all of the defendants, and as the minor is named as a

defendant in the notice set out in the additional abstract, and as it is therein said that the notice of appeal was duly served, we think we should hold that proper service is shown to have been made in order to give this court jusrisdiction as to said minor and his guardian. As we have indicated, the abstract alleges in a general way that the appeal was perfected by serving upon the defendants and the clerk a notice of appeal as by statute provided. This would, in the absence of anything from appellee, be a sufficient averment of service to give this court jurisdiction. The appellees, while not in express terms denying the correctness of the averment, filed an additional abstract "for amendment to abstract of record," and set out the notice which they claim was in fact served. The name of the administrator, Cheneworth, does not appear therein, and we think it must be held that there is nothing to show service upon him. It appears that Cheneworth, by agreement of parties, as guardian and as administrator, was authorized to lease the land upon terms agreed upon, and to produce the proceeds arising therefrom in court. He was also authorized to pay taxes. Was his interest as administrator such as to require him to be made a party to this appeal? The heirs of Solomon Percey are properly served with notice of an appeal. Under our statute and decisions, the administrator may not take possession of the real estate left by the decedent, except when there is no heir or devisee present and competent to take possession, in which case he may take possession, and receive the rents and profits, and do all other acts which may be for the benefit of those entitled to the benefit of the estate. Code, section 2402. It does not appear from this record whether such heirs were present or competent to take possession of the real estate. Unless it be necessary to sell the

real estate to pay debts of deceased, the administrator not interested in it, as it descends to the heirs at law. *Gray v. Myers*, 45 Iowa, 158. If the rights of the parties to this appeal may be determined without affecting the interests of Cheneworth as admistrator, then it was not necessary to serve him with notice of appeal. *Payne v. Raubinek*, 82 Iowa, 587 (48 N. W. Rep. 995). The failure of a plaintiff appellant to serve notice of appeal upon all of the defendants is not jurisdictional if this court can determine and dispose of the questions presented in the absence of such party, and without deteriment to his interests. As, for aught that appears, the administrator has no such interest as can be adversely affected by any action of this court, he is not a necessary party to this appeal.

II. It is said that the court erred in striking from the files the amendment to the petition. The amendment charged that the conveyance from Solomon Percey to his wife was made upon the express agreement that the grantor was to be and remain the actual owner of the entire beneficial interest in the real estate so conveyed, and that his wife was to hold the property in trust for him. If it should be conceded that this was but a repetition of the allegations of the original petition, or that such allegations were merely cumulative, still the same cannot be said as to the allegations of said amendment in so far as it relates to the title of Lionel Percey. The original petition contained no averments to the effect that said Lional was to hold the title of the land conveyed to him in trust for his father. The amendment did contain such averments, and hence, so far at least, the amendment was not open to the objection made in the motion to strike, that it was cumulative. The facts pleaded as to the holding of the land by the wife, and by Lionel, in

trust for the grantor, in connection with the other facts stated, constituted, as we shall hereafter see, a good cause of action, and the motion should have been overruled.

III. The original petition was demurred to, on the general equitable ground, that the facts stated did not entitle the plaintiff to the relief demanded. The demurrer was sustained, and error is assigned upon said ruling. The petition did set forth a good cause of action as to the land, the title of which was in the wife. If she held it in trust for the husband, the grantor, as was alleged, and he remained the real owner, then his creditors, whether existing or subsequent, were entitled to have said conveyance set aside, and to have the land subjected to the payment of their claims. We think the demurrer should have been overruled.

IV. Counsel for the appellant insists that, when a conveyance is made with a specific fraudulent intent as to existing creditors, it may, for that reason alone, be set aside by a subsequent creditor. Therefore, it is said that the demurrer was improperly sustained. This contention requires us to consider the holdings of this court touching that question. It is said that there is an apparent, if not real, conflict in the decisions of this court as to the right of a subsequent creditor to set aside a prior fraudulent conveyance. Some of the members of the court, as now constituted, are of the opinion that when the facts involved in the cases are carefully considered, there is no real conflict in the cases. Others of us think that while it is possible to reconcile some of the cases of apparent conflict, it is not possible to thus satisfactorily reconcile all of the decisions of the court upon this question. As touching this matter, see dissenting opinion of Beck, J., in *Bonnell v. Allerton*, 51 Iowa, 176 (49 N. W. Rep. 857). Be this as it may, it is evident

that the rules of law heretofore laid down in the decisions of this court, touching this question, are not entirely free from doubt.    We may, therefore, briefly consider the cases, and announce such rules as we. think should.control in such cases.

In *Harrison v. Kramer*, 3 Iowa, 557,. it does not appear whether the claim upon which the creditors' judgment was based, arose prior to the making of the fraudulent conveyance.  It cannot, therefore, be said that he was not an existing creditor.  The following language is used in the opinion:   "If there is any design of fraud or collusion, or intent to deceive third persons, in such conveyances, although the party be not indebted, the conveyance will be held utterly void as to subsequent as well as present creditors, for it is not *bona fide.*"  In *Hook v. Mowre*, 17 Iowa, 195, this question was involved, but not decided.  The court, however, after an elaborate discussion of the question and the citation of many authorities, seemed to favor the rule that a conveyance in fact fraudulent as to existing creditors, might for that reason alone be set aside as to subsequent creditors.  In the case of *Gardner v. Baker*, 25 Iowa, 348, it is said that the plaintiff is not to be treated as a subsequent creditor, and what is there said as to his right to attack the conveyance, even if he was a subsequent creditor, is based upon the thought that the facts show that the legal title had passed to the wife, who held it in trust for her husband. In *Corder v. Williams*, 40 Iowa, 582, the cause of action arose before the making of the conveyance, and the land was conveyed to avoid any judgment which might thereafter be rendered upon said cause of action.  It was not a case of a subsequent creditor.  In *Romans v. Maddux*, 77 Iowa, 203 (41 N. W. Rep. 763), the court held that the conveyance could be attacked by subsequent creditors, it not having been made in good faith.  Evidently, the language found in the opinion

was used with reference to the particular facts of the
case.   It appeared that the grantor, after the convey-
ance, treated the land as his own, and that he
remained, in fact, the real owner.   *Carbiener v. Mont-
gomery,* 97 Iowa, 659 (66 N. W. Rep. 900), was a case
where the cause of action arose before the making of
the conveyance.   It was held that the facts showed
that the conveyance was made with the intent of
defrauding the plaintiff therein; hence it was imma-
terial as to whether the plaintiff was an existing or a
subsequent creditor.   It is held in *Whitescarver v.
Bonney,* 9 Iowa, 480, and in *Fifield v. Gaston,* 12 Iowa,
218, that a subsequent creditor may not attack a prior
conveyance which was fraudulent only as to existing
creditors.   In *Fifield's Case* the cause of action arose
before the conveyance was made, and hence the ques-
tion we have in the case at bar was not involved in
that case.   In *Lyman v. Cessford,* 15 Iowa, 231, the
debt was contracted after the conveyance had been
made.   It was held that a voluntary conveyance as to
existing creditors would be set aside at the instance
of subsequent creditors, if it was made with a fraudu-
lent view to future indebtedness.   In *Rollins v. Car-
riage Co.,* 80 Iowa, 390 (45 N. W. Rep. 1037), it was
held that subsequent creditors cannot complain of a
conveyance fraudulent in fact as to prior creditors.

We think the correct rule is:   (1) A conveyance
which is merely voluntary, and when the grantor had
no fraudulent view or intent, cannot be impeached by
a subsequent creditor.   (2) A conveyance
actually and intentionally fraudulent as to
existing creditors, as a general rule, cannot be
impeached by subsequent creditors.   (3) If a convey-
ance is actually fraudulent as to existing creditors,
and merely colorable, and the property is held in
secret trust for the grantor, who is permitted to use
it as his own, it will be set aside at the instance of

subsequent creditors. The second rule above laid down is subject to some exceptions, among which may be mentioned cases in which the conveyance is made by the grantor with the express intent and view of defrauding those who may thereafter become his creditors; cases wherein the grantor makes the conveyance with the express intent of becoming thereafter indebted; cases of voluntary conveyances, when the grantor pays existing creditors by contracting other indebtedness in a like amount, and wherein the subsequent creditors are subrogated to the rights of the creditor whose debts their means have been used to pay; cases in which one makes a conveyance to avoid the risks, or losses, likely to result from new business ventures, or speculations. The following authorities will be found to support the above rules and exceptions: Wait, Fraud. Conv., sections 96, 97, 98, 100; Bump, Fraud. Conv. (4th Ed.) sections 290, 293, 296, 300; 2 Pomeroy, Eq. Jur., sections 971–973; 1 Am. Lead. Cas. (5th Ed.) p. 42, notes. We have not overlooked the fact that there are respectable authorities holding that a conveyance actually fraudulent as to the existing creditors may for that reason alone be avoided by subsequent creditors. We are not, however, prepared to assent to the correctness of such a doctrine. Under our holding, the petition stated a good cause of action under the third rule above stated, and hence the demurrer was improperly sustained."

V. It is claimed that the petition shows upon its face that the plaintiff's cause of action is barred. The conveyance of Solomon Percey to his wife was made in 1878. The plaintiff received his judgment in 1894. The conveyance to Lionel Percey was made in October, 1883, and as it is alleged it was placed upon record, and no date given, we may presume that it was recorded soon after its execution.

There is nothing in the petition showing when the deed to the wife was filed for record, nor is there anything to show when the plaintiff obtained actual knowledge of the execution of these deeds. For aught that appears, the fraud in the conveyance of the property, may have been known to the plaintiff for ten years before he took any steps to recover his judgment. Technically speaking, his cause of action did not accrue until the recovery of his judgment, in 1894, at which time the statute would begin to run. As this suit was commenced a few days after the judgment was recovered, the action was not barred. Nor do we think it can be said that the case comes within the rule stated in *Mickel v. Walraven*, 92 Iowa, 423 (60 N. W. Rep. 634); and other like cases, because it does not appear how long the plaintiff's debt had been in existence prior to the time it was reduced to judgment. It is not therefore a case where we can say that the plaintiff has been guilty of such laches as should prevent a court of equity from affording him relief.

For the reasons above given, the judgment of the district court must be REVERSED