## DAVIS v. NOLAN ET AL.

1. **Vendor and Vendee: UNRECORDED DEED: FRAUD.** Where a party offered to purchase land, and discovered in the negotiations therefor that there was an unrecorded deed making a break in the vendor's chain of title, and he subsequently. through misrepresentation, obtained a quit-claim from the grantor in the unrecorded deed, it was *held* that he would not be protected as a good-faith purchaser without notice.

2. **Practice in the Supreme Court: QUESTION NOT RAISED BELOW.** Questions not made upon the trial of the case in the court below will not be considered when first raised in argument in the Supreme Court.

*Appeal from Palo Alto District Court.*

FRIDAY, DECEMBER 6.

ACTION in chancery to quiet the title of certain land in plaintiff. The petition alleges that through mistake and oversight a conveyance in plaintiff's chain of title to the land, being the deed from the grantee of the government, was not recorded until a quit-claim deed from the same person to one of the defendants was executed and filed for record. It is alleged that the subsequent deed was procured through fraud, and the grantee therein had full, actual notice of plaintiff's title to and right and interest in the land. It is charged that the land was conveyed by this grantee to another, fraudulently, for the purpose of defeating plaintiff's right to the land, and that the present holder of the title is chargeable with notice of plaintiff's title, and is not a good-faith purchaser of the land.

It is alleged that one of the defendants, Harrison, recovered a judgment against the defendant who now claims to hold the title to the land, and is now attempting to enforce it by sale of the land on execution. The sheriff holding the execution is made a defendant. The relief asked is that defendants be restrained from selling the land on execution; that the deed from the patentee of the land, under which defend-

ants claim, be set aside, and that the title be quieted in plaintiff.

The answer alleges the defendant Patrick Nolan purchased the land of the patentee in good faith, for a valuable con-sideration, and without notice of plaintiff's claim and title; that his grantee, Charles F. Nolan, is a good-faith purchaser, for value, and without notice of plaintiff's equities; and the other defendant Harrison is a good-faith holder of a mortgage on the land, executed by Charles F. and Patrick Nolan, to se-cure the purchase money remaining unpaid. A decree of fore-closure, it is alleged, has been rendered in an action upon the mortgage upon which the execution was issued, which is held by the sheriff. It is further alleged that the land, being wet and swampy, passed to the State under the swamp land grant.

Upon a trial on the merits there was a decree entered granting the relief prayed for in plaintiff's petition. Defend-ants appeal.

*T. W. Harrison* and *Harvey & Lehmann*, for appellants.

*Crawford & Soper*, for appellee.

BECK, J.—I. The land in controversy was entered by Bennett in 1859; he conveyed to Latham in 1860. Plaintiff

1. VENDOR and vendee: unre-corded deed: fraud.

claims under Latham. The deed to Latham not being of record, defendant Patrick Nolan pro-cured a deed from the patentee, Bennett, which was recorded in 1875. The deed from Bennett to Latham was recorded in 1876.

The testimony establishes beyond controversy that Patrick Nolan had notice of the claim and title of plaintiff. He negotiated the purchase of the land from plaintiff through his agent, residing in the county where the lands are situated, on two different occasions, and two deeds were sent to the agent for him. He discovered the break in the chain of convey-ances, and knew plaintiff claimed that the unrecorded deed was in existence, and was not of record through mistake. He

declined to complete the purchase of the land, because of the defect in the title as shown by the record. He then employed an attorney to aid him, who discovered the residence of the patentee in Massachusetts, and wrote him an offer of fifty dollars for a quit-claim deed to the premises, alleging falsely that Nolan had a tax title on the land. The patentee, upon receiving the consideration, executed the deed as required. The defendant had agreed, if the title proved good, to pay plaintiff one thousand six hundred dollars for the land. It cannot be claimed that Patrick Nolan was a good-faith purchaser without notice of plaintiff's title and claim to the land.

II. Patrick Nolan conveyed the land to Charles F. Nolan in 1875. His fraud in procuring the deed, and his actual notice of plaintiff's equities, having been shown, the burden rested upon Charles F. Nolan, the grantee, to show his own *good faith*, and that he paid value for the land. *Sillyman v. King*, 36 Iowa, 207; *Light v. West*, 42 Iowa, 138; *Kitteridge v. Chapman*, 36 Iowa, 348.

There is no attempt to show that Charles F. Nolan had no notice of plaintiff's title. It is shown that he executed his note, secured by mortgage upon the land, for nine hundred dollars, and the attorney who aided Patrick Nolan in his enterprise to secure the land for fifty dollars, after he had agreed to pay plaintiff sixteen hundred dollars for it, testifies that he paid one hundred dollars in cash at the time the deed and mortgage were executed. But, in view of the fact that neither Patrick nor Charles F. testify to their good faith and the actual payment of the money, and of other features in the case, we are not willing to accept as established the payment testified to by this attorney. As to the fact that money passed from Charles F. to Patrick there may be no doubt; but, in view of the very obvious fraud of Patrick and the attorney in obtaining the quit-claim deed, we must insist on having the oath of some one before giving the statement

credit that the money passed from Charles F. to Patrick
was actually his own, and constituted in fact a payment.

III.   The mortgage executed by Charles F. was, togethe..
with the note, transferred to the defendant Harrison, who was
the lawyer that negotiated the purchase of the quit-claim
from the patentee.   He drew the conveyance executed by the
parties, and seems to be familiar with the whole history of
the transactions of the parties.   He fails to show that he
paid one cent for the mortgage.   He states, and he is the
only witness testifying on the subject, that Patrick Nolan was
owing him for services and advances, and that he took the
mortgage at six hundred dollars, and was to "get the money
out of it."   He does not say that he gave Patrick credit for
any amount, or discharged the claim against him.   We cannot
regard Harrison as a *bona fide* holder of the note and mortgage
for value.

IV.   The plaintiff, as an exhibit to his petition, sets out an
abstract of the title of the lands which shows that Latham,
2 PRACTICE in prior to his deed to plaintiff, conveyed the land to
the supreme
court: ques-    Woolsey & Foots.   Each of these persons subse-
tions not rais-
ed below.       quently reconveyed separate parts of the land to
Latham, thereby failing to convey the undivided half of the
whole.   These deeds were not offered in evidence.   Defend-
ants now make the point that because of the failure to intro-
duce their deeds in evidence plaintiff must fail to recover, or,
at best, can recover no more than half of the land.   We
need not state the point of counsel more fully or more accu-
rately, for, whatever it may be, it is not well made in this
court.   It was not raised in any form in the court below, and
no objection was made in any shape, either to evidence or to the
relief granted, based upon the ground of the absence of these
deeds, or that the abstract of title, made an exhibit to the
petition, showed plaintiff to be entitled to an undivided one-
half of the land and no more.   If there is any merit in this
point it is too late to make it now.   New points and questions
cannot be raised in this court; the same case must be tried

Davis v. Nolan.

here that was tried below. Had these questions been raised in the court below plaintiff could have had an opportunity to answer them. If they may be raised now and here the plaintiff is helpless as against the objections. No such ambuscades can be laid for unsuspecting litigants in this court.

V. The land is wet and swampy. Defendants insist that it passed to the State for the use of the county under the swamp land grant, and that the patent under which plaintiff claims is, therefore, void. It is not shown that the land was listed or claimed to be swamp land by the county, State, or the general government. Thus far both parties to the swamp land grant, the State and the United States, have united in regarding the land in controversy as not being swamp land. The United States has issued a patent to a citizen upon receiving the value as fixed by law; the State and county have levied and collected taxes upon the land, and even sold it for non-payment of taxes; no claim has ever been set up that the land was a part of the swamp land grant. This course of dealing by the State and National governments toward the land has continued for more than twenty-eight years. Surely, when the State and United States, the parties to the grant, have so long acquiesced in the action of each other in regarding this land as not being within the grant, a citizen not pretending to claim under the grant cannot set it up to defeat a title resting upon a United States patent. The point demands no further attention.

The foregoing discussion disposes of all questions in the case. The decree of the District Court is

AFFIRMED.