HENRY W. KING & COMPANY, Appellant, v. AMANDA E. WELLS.

**Fraudulent Conveyanc :** SUBSEQUENT CREDITORS. Where a conveyance from a husband to a wife is not made to hinder or defraud subsequent creditors, it will not be set aside in favor of such a creditor, although made without adequate consideration, and where a wife paid for property largely with her own labor, the fact that her husband contributed his labor towards the purchase will not give his subsequent creditors a claim against the property.

SAME. The fact that notes transferred by a wife as her separate property in payment of land had been made payable to her husband for convenience will not give the husband's creditors a claim against the land, where they were not misled by the fact.

**Appeal:** OBJECTION BELOW. The claim that a conveyance should be set aside because the property conveyed is the proceeds of partnership property and could not be used to pay the debt of one partner without the consent of the other, cannot first be urged on appeal.

ARGUMENT. Matter not urged in appellant's argument in chief will not receive special consideration, though it is referred to in the reply.

*Appeal from Decatur District Court.*—HON. W. H. TEDFORD, Judge.

WEDNESDAY, DECEMBER 14, 1898.

ACTION in equity to subject property claimed by the defendant to a judgment in favor of the plaintiff, and against the firm of J. W. Wells & Co. There was a hearing on the merits, and a judgment in favor of the defendants for costs. The plaintiff appeals.—*Affirmed.*

*Stookey & Brooks* for appellants.

*Harvey & Parrish* and *C. W. Hoffman* for appellee.

ROBINSON, J.—The co-partnership of J. W. Wells & Co., consisting of J. W. Wells and N. Wells, commenced doing a general mercantile business at Decatur City, Iowa, in the year 1894. The business was continued until July, 1895, when J. W. Wells disposed of the stock of merchandise to one E. W. Townsend. In February, 1895, the plaintiff sold and delivered to J. W. Wells & Co. merchandise to the amount of six hundred and eighty-four dollars. Judgment for that amount and costs was rendered in favor of the plaintiff, and against J. W. Wells & Co. and the members of that firm, in November, 1895, and is wholly unpaid. The firm and its members are now, and were when they closed business insolvent. In exchange for the merchandise, Townsend executed to the defendant, who is the wife of J. W. Wells, a deed for one hundred and ninety acres of land, subject to mortgages thereon to the amount of one thousand and three hundred dollars. At the same time, the defendant received from her husband a certificate of deposit for nine hundred and seventy-one dollars. The plaintiff claims that the conveyance of the land and the delivery of the certificate of deposit to Mrs. Wells were fraudulent, and by this action seeks to subject the land and the money represented by the certificate to the payment of the judgment. Mrs. Wells claims they were transferred to her without fraud, in payment of a debt which her husband was owing to her.

I. The evidence establishes facts as follows: In the first part of the year 1895, Mrs. Wells sold to one L. M. Smith; and, by some arrangement with him, she and her husband conveyed to E. W. Townsend two hundred acres of land which she claimed to own, and forty-eight acres of land owned by her husband and one Pray. She received for the land one thousand dollars in money, one thousand eight hundred dollars in notes, and, in addition, six hundred dollars in notes,

secured by mortgages on a lot in Omaha, and one hundred and sixty acres of land in Nebraska, subject to a mortgage. Nothing was realized on the notes and the land last described. She loaned the one thousand dollars in money and the one thousand and eight hundred dollars in notes to her husband, and he made to her his promissory note for two thousand and eight hundred dollars. The land and certificate of deposit in controversy were transferred to her in payment of that note. The two hundred acres of land sold by the defendant in the year 1895 were acquired by her as follows: Her husband conveyed to her, in the year 1888, eighty acres of land, subject to mortgages thereon .to the amount of one thousand dollars. At that time, her husband agreed to take care of and support his mother, and received from her forty acres of land, subject to a claim of four hundred and fifty dollars. The defendant was averse to the arrangement, for the reason that the mother "was hard to get along with," but finally consented, on condition that the land be conveyed to her, because of the fact that he was extravagant, and at that time somewhat dissipated, and the burden of supporting the mother and caring for the family would be upon her. She has since supported the mother. The remainder of the two hundred acres was purchased by the defendant at various times. It is claimed that the consideration for the conveyance by her husband was insufficient, and that his earnings contributed to the purchase of the remainder. If these claims are well founded, it would not follow that the wife did not acquire a title to the land, valid as against the plaintiff. When the conveyance of 1888 was made, the husband was not in debt, and there is nothing in the record which authorizes the presumption that it was designed to hinder, delay, or in any manner defraud subsequent creditors. The same is true of the labor of the husband, which may have contributed to the purchase of the remainder of the two hundred acres of land. The defendant, in addition to doing her housework, labored in the fields for fifteen years; and it was through her labors and prudent management that the land which she sold was

obtained. The fact that her husband worked with her, and aided with his labor in purchasing it, did not affect her title to it, nor give his subsequent creditors any right to subject it to their claims. *Hoag v. Martin,* 80 Iowa, 714; *Jamison v. Weaver,* 87 Iowa, 72; *Brundage v. Cheneworth,* 101 Iowa, 256; and cases therein cited. The cases of *Hamill v. Augustine,* 81 Iowa, 302; *Hamilton v. Lightner,* 53 Iowa, 470; *Bank v. Harvey,* 16 Iowa, 141, and *Harrison v. Kramer,* 3 Iowa, 543, involved controlling facts which were not subject to the rule applicable in this case, and are not in point. That is also true of *Romans v. Maddux,* 77 Iowa, 203, especially relied upon by the appellant.

The notes for one thousand and eight hundred dollars, which formed a part of the consideration for the sale of the land in 1894, were taken in the name of J. W. Wells, for convenience in disposing of them; but the plaintiff was not in any manner misled by that fact. Other facts are relied upon as tending to show that the land sold really belonged to the husband, but the evidence satisfies us that the two hundred acres in question were owned by the wife, and that his creditors had no rights which they could have enforced against it.

Nothing is claimed in appellant's argument in chief on account of the forty-eight-acre tract conveyed, which was owned by her husband and Pray; and, although it is referred to in the reply, the plaintiff is not entitled to have any special consideration given it. The evidence does not show, and we do not understand the plaintiff to contend, that the interest claimed by the defendant in the two hundred acres was not worth what she received for it. It is insisted, however, that the land conveyed to her by Townsend in July, 1895, and the certificate of deposit, were worth more than the amount of the note made to her by her husband. The certificate of deposit was used in paying the debts of her husband. The testimony as to the value of the land is conflicting; but we are satisfied that its value, after deducting therefrom the mortgages upon it, was much less than two

thousand and eight hundred dollars, and that the aggregate value of the interest the defendant acquired therein, and of the certificate, did not exceed the amount of the note in payment of which they were received.

II.    The claim of the plaintiff is based upon a debt contracted by the firm of J. W. Wells & Co., and it is claimed that the note of Wells to his wife was paid with the proceeds of partnership property, upon which the creditors of the partnership had claims paramount to the right of the wife to receive the proceeds in payment of the note, and that the consent of the retiring partner to the payment of the note with the proceeds of the sale has not been shown. It appears from the evidence that, before the stock of merchandise was traded to Townsend, the partnership was dissolved, and thereafter the stock was owned, and the business was conducted, by J. W. Wells. He had the right to prefer his wife to other creditors, and therefore the transfer of the land and certificate to her in payment of the note was in fact valid. But it is insisted that the petition alleges, and the answer admits, that the firm of J. W. Wells & Co. continued in business until July, 1895, and traded the stock to Townsend. That is true, but the answer also alleges that the stock was sold by J. W. Wells. Under ordinary circumstances, this conflict in the averments of the answer would be resolved in favor of the plaintiff; but a careful examination of the entire record satisfies us that the plaintiff did not in any manner assail in the district court the transfer of the property in question, on the ground that it was the proceeds of partnership property, and could not be used to pay the debt of one of the partners without the consent of the other. There is not the slightest indication that any claim of that kind was made in the district court. On the contrary, the plaintiff presented its case upon the theory that the transaction was fraudulent, because made without a legal consideration, and to defraud the creditors of J. W. Wells & Co. That a ground for relief cannot be urged for the first time in this court is well settled. It is also settled in this state that partnership property may be used, with the

assent of all the partners, in the payment of individual debts of the partners. *Smith v. Smith,* 87 Iowa, 93; *Sylvester v. Henrich,* 93 Iowa, 489. See, also, *City of Maquoketa v. Willey,* 35 Iowa, 323; *Johnston v. Robuck,* 104 Iowa, 523. The evidence fails to show that the plaintiff has any right to the property in question. The judgment of the district court effectuates justice, and it is AFFIRMED.