NATHAN RAINSBARGER, Appellant, v. LAURA RAINSBARGER, Appellee.

No. 39370.

MARCH 12, 1929.

REHEARING DENIED JUNE 24, 1929.

*Charles L. Hays,* for appellant.

*Aymer D. Davis* and *F. J. McGreevy,* for appellee.

ALBERT, C. J.—We glean the following facts from the record:

Nathan and Frank Rainsbarger were brothers, and the defendant, Laura, is the wife of Frank. In January, 1922, Nathan purchased and paid for the property in controversy herein, which was located in the village of Abbott, in Hardin County, Iowa, the consideration paid being $1,525. The title, however, was taken in the name of Frank Rainsbarger. Frank and his wife moved into this property immediately after its purchase, and lived there until the 22d day of November, 1926, at which time Frank died, and his wife was appointed administratrix of his estate.

This action was brought by the plaintiff, Nathan Rainsbarger, asking that he be decreed to be the owner of this property in fee simple. Laura Rainsbarger defended, filing, in substance, a general denial and a cross-petition alleging that, after she and her husband, Frank Rainsbarger, moved upon said property, she built a chicken house, put a new roof on the corncrib, and made certain other repairs shown to have amounted to about $375, and that, after the death of her husband, she bought storm windows for the house, costing $85. She testifies—and her evidence is undisputed—that these repairs and the storm windows were paid for by her out of her own money, derived from the sale of a piece of property she owned at some other place. (There is, however, $20 still due on the storm windows.) The court held with the plaintiff, decreeing him to be the fee-title holder of this property, and the defendant has not appealed from such decree. The court in its decree also allowed the defendant on her claim the sum of $459.75 for improvements she placed upon said property, and decreed a lien on the property for said amount, with interest from the date of the decree, and the plaintiff was to have credit for the $20 still due on the storm windows, if he should have to pay such balance; and it is from this part of the decree that the plaintiff appeals. The result of part of the decree is a holding

that Nathan Rainsbarger was at all times the real owner of this property; and, as the defendant has not appealed therefrom, this question is fully settled by the decree, and we accept it as such.

The defendant, Laura, pleads that the plaintiff never claimed or asserted any interest, right, or title to said property prior to the commencement of this action; that she never knew, prior to that time, that Nathan ever put any money into this property, or paid any part of the purchase price thereof; that, when the title was taken in the name of her husband, Frank, she supposed that he had purchased the same; and that, when she and her husband moved upon and occupied the property, it became their homestead, as she believed, and so believing, she spent her own money in putting certain repairs and improvements on said property, which she would not have done, had she understood that the property in fact belonged to Nathan; that these repairs or improvements were so made with the knowledge and consent of the plaintiff; and that she also paid taxes on said property from her own funds; and that, by reason of the facts pleaded, the plaintiff is barred and estopped from asserting or claiming that he is the owner of such property.

In a cross-petition, she prays that, if the court should find against her on the issues joined, she have a lien against said property in the sum she had paid for taxes, improvements, and repairs, and also for a claim for board and room which she sets up in her cross-petition against plaintiff. The issues were joined in this cross-petition, and the case was tried. The court held that she was not entitled to anything for taxes paid or for board and lodging, but did find, as above specified, that she was entitled to $459.75 for improvements which she had placed upon the property, and gave her a lien therefor. The issue tendered on this phase of the case, therefore, was an estoppel, and under the peculiar pleadings, it was limited in its effect to her claim for repairs and improvements upon the place. After a review of the evidence, we are satisfied that the court was right in holding that she was entitled to a lien for the amount specified in the decree. As she has not appealed, the question of taxes and board is not before us. The parties hereto having litigated this particular issue, and the court having found with the defendant, Laura, thereon, we are disposed to hold that the ruling of the district

court was right in making this allowance to the defendant. We find no error in the record.—*Affirmed.*

STEVENS, DE GRAFF, MORLING, and WAGNER, JJ., concur.