MILLOWNERS MUTUAL LIFE INSURANCE COMPANY, Appellee, v. S. C. GOFF et al., Appellees; STATE BANK OF OTTAWA, Appellant.

No. 40023.

OCTOBER 14, 1930.

*Donald F. Wisdom* and *Frank Wisdom,* for appellant.

*William L. Hassett,* for Millowners Mutual Life Ins. Co., appellee.

*Ben J. Gibson,* for Central Trust Company of Des Moines, appellee.

WAGNER, J.—The defendant S. C. Goff is the owner of approximately 720 acres of land situated in Ringgold County. On April 2, 1923, he and his wife, Abbie E. Goff, executed unto the Central Trust Company their promissory note in the principal sum of $60,000, payable April 1, 1928, and, to secure the payment of the same, executed unto said bank a mortgage upon the aforesaid real estate, which is the mortgage sought by the plaintiff to be foreclosed in this action. On April 5, 1923, said mortgage was filed for record in the recorder's office of Ringgold County, properly indexed, and the same was recorded, and remains of record in said office. On April 10, 1923, the Central Trust Company sold the note, and by an assignment properly executed and acknowledged, assigned the said mortgage to the plaintiff, and on April 12, 1923, the said assignment was filed in the recorder's office of Ringgold County, properly indexed, and the same was recorded among the records in said office. No question is raised as to the sufficiency of said assignment. On May 5, 1923, the defendants Goff executed unto the State Bank of Ottawa, Ottawa, Kansas, their promissory note in the principal sum of $6,935, payable in six months, and bearing interest at the rate of 10 per cent per annum, and as security for the payment of said sum, executed unto said bank their mortgage upon the aforesaid 720 acres of land, which mortgage was, in June, 1923, filed for record and recorded in the recorder's office of Ringgold County.

The plaintiff, in its petition, asks for judgment for the amount due upon its note and for foreclosure of the mortgage securing the same. The Kansas bank, by a cross-petition, asks for judgment upon its note and a decree of foreclosure of its mortgage. Each of said parties alleges that its lien is superior to that of the other. The Kansas bank alleges, in substance, that, at the time of the taking of its mortgage, it had no knowledge, either actual or constructive, as to the mortgage held by the

plaintiff. The defendants Goff are nonresidents of the state of Iowa, and were personally served with notice outside of the state. They made no appearance in the action, and default was properly taken against them.

The trial court rendered judgment *in rem* for the amount due upon plaintiff's note, according to its terms, and decree of foreclosure of its mortgage, and also rendered judgment *in rem* for the amount due upon the note held by the Kansas bank, but held that the lien of plaintiff's mortgage is prior and superior to the lien of the mortgage held by the bank. From that portion of the decree holding that the lien of plaintiff's mortgage is entitled to priority, the bank has appealed.

It is thus apparent that the sole question for our determination is as to which of the aforesaid parties is entitled to priority, under the liens of their respective mortgages.

The money procured on the loan from the Central Trust Company, the assignor of plaintiff, was used to pay off two prior mortgages upon the real estate and certain mechanics' liens which were of record. In its reply, the plaintiff alleges the fact of the payment by its assignor of said prior liens, and asks that it be subrogated to the rights of the holders of the liens so paid off. Subrogation is a legal fiction, whereby a debt or obligation which has .been paid by a third person is treated as still subsisting for the benefit of the one so paying, so that, by means thereof, one creditor is substituted to the rights, remedies, and securities of another. See *Kent v. Bailey*, 181 Iowa 489. In the cited case, we said:

" 'Subrogation is the substitution of one person in place of another, whether as a creditor or as the possessor of any other rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim and its rights, remedies, or securities.' "

The trial court, by its judgment and decree, did not render judgment for the amount paid on the prior liens, with interest from the date of said payment, but rendered judgment upon plaintiff's note, according to its terms, including attorneys' fee. The decree finds that the lien of the mortgage sought to be foreclosed is prior to the lien of the bank's mortgage. The decree is silent as to subrogation, there being nothing in it as to any

substitution of plaintiff, or of plaintiff's assignor, to the rights of the holder of the prior liens. The plaintiff has not appealed. It is therefore apparent that the matter of subrogation is not now before us for determination. See *Ottumwa Boiler Wks. v. M. J. O'Meara & Son*, 208 Iowa 80; *Rainsbarger v. Rainsbarger*, 208 Iowa 764. Since the plaintiff has not appealed, it is concluded by the terms and provisions of the judgment and decree rendered.

It is the contention of the appellant that, although plaintiff's mortgage was filed, indexed, and recorded, the record does not impart, and is insufficient to constitute, constructive notice. It bases its claim upon the claimed fact that the certificate of acknowledgment is false, and does not comply with the statutory law. Section 2926 of the Code, 1897, provides:

"It [the instrument] shall not be deemed lawfully recorded, unless it has been previously acknowledged or proved in the manner hereinafter prescribed."

Section 2942 of said Code designates the officers before whom an acknowledgment of a deed or conveyance of real estate shall be taken, among whom is a "notary public within the county of his appointment or in an adjoining county in which he has filed with the clerk of the district court a certified copy of his certificate of appointment." Section 2948 of said Code provides:

"The court or officer taking the acknowledgment must indorse upon the deed or instrument a certificate setting forth the following particulars:

"1. The title of the court or person before whom the acknowledgment was made;"

Section 2959 of said Code gives the form of acknowledgment which shall be sufficient, and further provides:

"In each case where one of these forms is used, the name of the state and county where the acknowledgment is taken shall precede the certificate, and the signature and official title of the officer shall follow it as indicated in the first form, and the seal of the officer shall be attached when necessary under the provision of this chapter.

"1. In the case of natural persons acting in their own right:

"State of................
                              } ss.
"County of ............

"On this ........ day of ................ A.D. ........, before me personally appeared A. B. (or A. B. and C. D.), to me known to be the person (or persons) named in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) voluntary act and deed.

-------------------------------------------------------------------

"Notary Public in and for said county."

The certificate of acknowledgment attached to plaintiff's mortgage is as follows:

"State of Iowa, Ringgold County, ss.

"On this 4th day of April, 1923, before me personally appeared S. C. Goff and Abbie E. Goff, husband and wife, to me known to be the persons named in and who executed the foregoing mortgage and acknowledged that they executed the same as their voluntary act and deed.

"Samuel Warden,
"Notary Public in and for said County."

We assume that the seal of the notary was attached, as no question relative to omission of same is raised by the appellant. Warden was a resident of, and a notary public in and for, Taylor County, which joins Ringgold County upon the west. Warden had no jurisdiction to act as a notary public in Ringgold County, for the reason that he had not filed with the clerk of the district court of Ringgold County a certified copy of his certificate of appointment, and he did not, in the instant case, act as a notary public in Ringgold County. It is established by the evidence that the acknowledgment was, in fact, taken in Taylor County. It is the contention of the appellant bank that, although the mortgage was upon record, the record does not afford constructive notice; that, in so far as constructive notice is concerned, it might just as well not have been filed, indexed, and recorded; that it was not lawfully recorded, for the reason that the notary public taking the acknowledgment did not state the proper title of the person before whom the

acknowledgment was taken; that the notary's exclusive jurisdiction was Taylor County, and that by the certificate he certified falsely that he was a notary public in and for Ringgold County; that, while the statutory law requires the certificate to state the county where the acknowledgment is taken, the certificate of acknowledgment to the mortgage falsely states that it was taken in Ringgold County, whereas, in truth and in fact, it was taken in Taylor County. It will be observed that the only defect in the certificate of acknowledgment is a latent defect,— one not appearing upon the face of the instrument. The exact question presented by the appellant has not been heretofore determined by this court, and we find it unnecessary to, and do not, determine it in this action; for, if the appellant, at the time of taking its mortgage, had actual notice, within the meaning of the law, of plaintiff's mortgage, the question of constructive notice becomes wholly immaterial.

It is the contention of the appellant that it did not have, and the contention of the plaintiff that the appellant did have, actual notice of plaintiff's mortgage. There is a distinction to be made between knowledge and "actual notice," in cases of this kind. While one having knowledge would be charged with actual notice, yet it does not require full knowledge of the matter, when one is sought to be charged with notice, in order to constitute "actual notice," within the meaning of the law. If the facts and circumstances are such as to lead a reasonably prudent man to make inquiry which, if prosecuted with ordinary diligence, would result in ascertaining the truth, this is sufficient to constitute "actual notice." See *Johnson v. Chicago, B. & Q. R. Co.*, 202 Iowa 1282; *Bowman-Boyer Co. v. Burgett*, 195 Iowa 674; *Aultman & Taylor Mach. Co. v. Kennedy*, 114 Iowa 444; *Weare & Allison v. Williams*, 85 Iowa 253; *Traer v. State Board of Medical Examiners*, 106 Iowa 559; *Benton County Sav. Bank of Norway v. Boddicker*, 105 Iowa 548; *Allen v. McCalla*, 25 Iowa 464; *Wilson v. Miller & Beeson*, 16 Iowa 111. As is well stated in *Johnson v. Chicago, B. & Q. R. Co.*, 202 Iowa 1282, at 1288:

"It is a well established principle that notice is either knowledge or having means of knowledge, although such means may not be used. One who purchases land, with knowledge of such facts as would put a prudent man upon inquiry which, if pro-

secuted with ordinary diligence, would lead to actual notice of rights claimed adversely by another, is chargeable with the actual notice that he would have received.''

In determining the truth as to any matter at issue, the trier of the fact should take into consideration, not only what the witnesses say upon the witness stand, but also all of the facts and circumstances as disclosed by the evidence, and the fair inferences to be drawn therefrom. What the interested party did or did not do in the premises, in the light of the surrounding circumstances, is a matter of much consequence in determining the truth.

We will refer to some of the facts and circumstances, as bearing upon the question we ·are now considering. Goff was known by the bank to be an extensive trader and speculator. The appellant's note was a renewal of prior indebtedness to the Kansas bank. He had previously secured his indebtedness by collateral, among which was a deed to the aforesaid 720-acre farm, which deed was not recorded. During the time when the bank held the deed as security, the 720-acre farm was covered by mortgages of record in amounts in excess of $80,000, which were paid off at the time of the execution of appellee's mortgage. The appellant took a note due in six months, bearing the unusual, large rate of interest of 10 per cent. At the time of the trial, this farm was shown to be worth from $55,000 to $60,000. It was worth no less at the time of the execution of appellant's mortgage. Indeed, the fair inferences are that, at that time, the reasonable value of said farm was much more. The Central Trust Company saw fit to advance $60,000 as a first mortgage loan upon this farm, to pay off prior encumbrances. The appellant bank was unable to procure from Goff the payment of said indebtedness. It is not the practice of borrowers to secure an indebtedness of $6,935 by giving a first mortgage upon 720 acres of Iowa land worth in excess of $55,000, and yet the bank claims that, upon the surrender of the collateral which it held for this comparatively small amount of indebtedness, it demanded and received as security a first mortgage on Iowa land, worth from eight to ten times as much as the amount of the debt evidenced by the renewal note. The bank was unable to procure payment of its note. Under order of the bank examiner, this note was subsequently charged off the books as a portion of the

assets of the bank. Not until the filing of the answer and cross-petition did appellant assert the lien of its mortgage to be a first mortgage.

We will not further dwell upon the testimony, as a discussion of the same would be of no benefit to the profession. It is sufficient to say that we are abidingly satisfied from the record that the appellant bank, at the time of taking its mortgage, had actual notice of appellee's prior mortgage. The decree of the trial court is clearly right.

The appellee filed a motion to dismiss the appeal for want of jurisdiction, and also claimed that the question sought to be determined by the appellant is moot. This motion was ordered submitted with the case. It is without merit. The clerk of the district court and all of the parties to this litigation who would have been prejudicially affected, had we found for the appellant on the question presented by the appeal, were duly and legally served with notice of appeal. Neither is the question raised by the appeal moot, as claimed by the appellee. Therefore, said motion to dismiss is overruled.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.