THEODORE N. KALLEM et al., Appellants, v. EDWIN J. KALLEM et al., Appellees.

H. M. LAKIN, Appellee, v. CLARA KALLEM EITTREIM et al., Appellees.

BURNSTEDT, HEMINGWAY & HEMINGWAY, Applicant, Appellee.

No. 46194.

MARCH 9, 1943.

R. E. Hanke, of Des Moines, for appellants.

Burnstedt, Hemingway & Hemingway, of Webster City, pro se.

No appearance for other appellees.

HALE, J.—This is an application by Burnstedt, Hemingway & Hemingway, attorneys, for attorney's fees and for the establishment of a lien therefor in the causes of action in the district court of Hamilton county, entitled Theodore N. Kallem et al. v. Edwin J. Kallem et al., Equity No. 15309, and H. M. Lakin v. Clara Kallem Eittreim et al., Equity No. 15340. The application recites that said applicants were attorneys for Theodore N. Kallem, Clara Kallem Eittreim, Anna Kallem Carlson, and Ida C. Sanford, in various actions identified as Nos. 15152, 15280, 15309, and 15340 in the Hamilton County District Court.

The cases referred to are related. No. 15152 was an action in which judgment was rendered on a promissory note in favor of plaintiff, H. M. Lakin, and against the defendant, Edwin J. Kallem, with an allegation of fraudulent transfer aided by attachment, which attachment was continued in force with other matters involved therein and afterward tried. No. 15280 was an action against Clara Kallem Eittreim and others by said Lakin to set aside a conveyance of 175 acres of land by Edwin J. Kallem. The two cases were consolidated for trial and a decree was rendered in favor of defendants, and thereafter appealed to this court and affirmed. See Lakin v. Eittreim, January 9, 1940, 227 Iowa 882, 289 N. W. 433. The later cases, Nos. 15309 and 15340, were, respectively, an action for partition by the Kallems and an action by Lakin to subject real estate to his judgment. These two cases were also consolidated. A decree by the trial court adverse to applicants' clients was appealed to this court and reversed insofar as it decreed that Mary O. Kallem (mother of the objectors herein) had an interest in the 175 acres in controversy and insofar as it gave to appellee, H. M. Lakin, any claim, right, lien, or judgment against any alleged interest of Mary O. Kallem in said land. It was affirmed in other respects. The ruling of this court in that action as a whole was favorable to the clients of applicants herein. See Kallem v. Kallem, January 14, 1941, 229 Iowa 985, 295 N. W. 826.

The application under consideration here is filed in the two later consolidated cases, Nos. 15309 and 15340. The land in controversy which was involved in these actions has been sold and the proceeds held by the referee, G. C. Rorem, appointed in the above Nos. 15309 and 15340. Attached to the application in the present case is an itemized statement of services rendered from October 4, 1938, to the time of hearing, covering thirteen pages of the amendment to the abstract. Applicants claim a total of $1,800 for services, including those performed for the referee. Theodore N. Kallem, Clara Kallem Eittreim, Anna Kallem Carlson, and Ida C. Sanford filed resistance to the application, claiming applicants have not accounted for $100 claimed to have been paid by the referee, which they allege would be in complete settlement for services rendered said referee. They further allege various negligent and wrongful acts and failure to act in certain instances, and improper application of certain money advanced. We set out in detail such allegations of objectors as are pleaded and argued.

It may be said at the outset that some of the objections pleaded are mere conclusions and were so assailed in the reply.

Applicants introduced evidence as to the rendition and value of the services. Objectors deny the right to recover in the amount claimed but they offered no evidence to negative the amount of the services performed by applicants nor their value. In argument objectors allege that it is not contended applicants have earned no fees, or that they did nothing of any benefit to them, but they do contend that things were done which necessitated extra litigation, and generally lack of diligence and care, and therefore that the fees allowed by the district court are not fair and reasonable. They allege further that the division of fees among objectors was incorrect and should not have been charged against appellants as the amounts were fixed by such court.

We shall not undertake to detail all the history of the litigation with which this appeal is connected, other than is necessary to state the points of dispute. Statements of the facts are set out in the two appeals referred to above and it would unnecessarily extend this opinion to repeat them here. This is largely

a case based on facts and the questions as to the general law applicable to such facts are not seriously in dispute.

Appellants divide their resistance and argument into two divisions. Division I is further subdivided into seven parts.

I. In subdivision 1 and also in subdivision 2 of division I it is argued that applicants should have brought in all issues and parties in No. 15280 by amendment and thus avoided Nos. 15309 and 15340. In No. 15152 Lakin had secured a judgment against Edwin J. Kallem and under his judgment claimed rights in real estate which had been sold to Thompson Brothers at the time his suit was begun; and his attachment issued was continued in that case. The equity case, No. 15280, was to set aside the deed to Thompsons and to declare fraudulent a contract of Anna Kallem Carlson, Clara Kallem Eittreim, and others, and a deed executed thereunder, which contract the court .held in the decree to be a valid trust agreement. The claims of the parties and the decree in the combined cases are fully set out in the case of Lakin v. Eittreim, supra, and appeal was taken by Lakin. It is sufficient to say here that, Lakin having repudiated the sale to Thompsons, who had indicated their. willingness to go ahead with the purchase,· it seemed the best policy, in view of the time which probably would have been consumed in the appeal and the difficulty in giving title otherwise, to begin the partition action, No. 15309. The land in controversy was in danger of loss by foreclosure. We fail to see that .complications could have been avoided by an attempt to have all· controversy decided in one proceeding, No. 15280. The course pursued by applicants seemed the best procedure at that time and the results so show.

Case No. 15340 followed and resulted finally in barring any alleged right of Lakin to the property in controversy. After a case is determined it is easy to suggest that it might have been differently planned but not so easy to say before the action just what should be undertaken. Nor can it be overlooked that opposing counsel for Lakin, who was by no means asleep, might not interpose difficulties. It appears to us that there were less complications in the independent action in partition than in the course of procedure suggested by objectors herein. As we

view the complicated record in these cases, set out in detail in the two appeals referred to, we find no evidence of lack of skill or judgment in the course pursued by applicants.

II. Subdivision 2 also relates to claims for rent against two of the heirs. Since this question was not raised in the trial court it cannot be considered here. Headford Bros. & Co. v. Associated Corp., 224 Iowa 1364, 278 N. W. 624; Kurtz v. Taylor-Kurtz, 228 Iowa 256, 290 N. W. 686.

III. Subdivision 3 of division I complains of wrongful direction to the referee as to certain payments to be made by him, but the resistance does not claim nor the evidence show that such payments were made at the direction of applicants. Nor is such claim, if made, supported by the evidence. We find no record other than the claim that such payments, if ordered by applicants, ever were made to the damage of objectors.

IV. Subdivision 4 complains of repayment to Thompson Brothers, a purchaser of some of the land in controversy in the earlier cases, and alleges that the commencement of No. 15309 gave the Thompsons an opportunity to have their rights adjudicated and to have the payment made by them on the land refunded. Objectors argue that this enabled the Thompsons to have an adjudication that they be paid back their money, which avoided the commencement of a lawsuit by Thompsons against the trust estate for a return of the same. They further argue that the applicants did not contest the claim of Thompsons for reimbursement, but stated that said Thompsons should be made whole irrespective of former decrees. We have examined the supplementary final decree in these proceedings. Applicants do not appear as counsel for the Thompsons. We cannot agree with this argument of objectors. It is not claimed that Thompsons did not make this advance payment, nor that as a matter of right it should not have been refunded to them. That the applicants could possibly have contested and secured an unfair repudiation (which is at least doubtful) can be little reason for arguing that they favored an adverse litigant.

V. Subdivision 5 objects to the procedure in pleading prior adjudication. The parties were not the same. Prior adjudication is raised by answer. Boone Biblical College v. Forrest, 223 Iowa 1260, 275 N. W. 132, 116 A. L. R. 67.

1274

VI. Subdivision 6 complains of the decree entered in Nos. 15309 and 15340. This decree covers about ten pages of the abstract, and it is unnecessary to set it out here. The particular claim in the objections is that the decree entered after the reversal of Nos. 15309 and 15340 fails to protect the interest of Ida C. Sanford, who was not a party to the appeal and could not derive any benefit from such appeal. Ottumwa Boiler Wks. v. O'Meara, 208 Iowa 80, 224 N. W. 803; Millowners Mut. L. Ins. Co. v. Goff, 210 Iowa 1188, 232 N. W. 504; Rainsbarger v. Rainsbarger, 208 Iowa 764, 224 N. W. 45.

VII. Subdivision 7 refers to unnecessary expense. An examination of the account submitted to the trial court does not show any items which did not at the time of trial seem justified. Nor is there more than one specified item. This was $100, consisting of $10 received as a down payment on land from one Halversen, who died shortly after contracting to purchase, and $90 paid by Halversen's estate for services in clearing the title to the land. This work was done in the Halversen estate and was necessary to the adjustment of the title as to this deceased purchaser. This claim has been paid, and, so far as it is concerned, is not a subject of controversy except as it might bear on the total amount to be allowed. Objectors do not specify any other items of unnecessary or extra expense, nor is there any evidence thereof.

VIII. In division II objectors argue that if the fee allowed, as claimed by applicants, is fair and reasonable, it should be paid out of the trust estate or separate individual judgments rendered against each of the beneficiaries of the trust. However, the obligation in this case is joint and not several. The record as shown by the abstract is against them in their contention. These objectors employed their attorneys and are jointly obligated. Licht v. Klipp, 213 Iowa 1071, 240 N. W. 722; Lockie v. Baker, 206 Iowa 21, 217 N. W. 483; McCrary v. Ruddick, 33 Iowa 521, all cited by applicants, bear out their contention. Whether or not this claim should be considered by us, since not made in the resistance but only by a statement on argument, we hold the court's division of fees was correct under the record.

The above are the principal points of controversy herein. The court had before it an involved state of affairs with continued and varied litigation. It found, and so states in the order and judgment entry, that the evidence showed that the attorneys acted in good faith and conducted the litigation in a careful manner, as it should have been conducted under the facts shown by the evidence; that the situation was unusual, and that the four trials with the appeals to the supreme court were with good results. The court said:

"I feel that the fees that I hereby allow are not only just, but are very reasonable. The litigation presented many complicated legal propositions and each of the trials necessitated research, as well as actual trial work."

The court found that the reasonable value of the applicants' services was $1,550, of which $900 was owing by the four objectors and $650 owing only by Theodore N. Kallem, Clara Kallem Eittreim, and Anna Kallem Carlson, since Ida C. Sanford did not join in one appeal. The court further found that the services rendered to the referee were of the value of $250.

We agree with the court in its findings and order. This extensive litigation, which resulted from the involved condition of the estate, seems to have produced as good results as could be expected and was for the benefit of the objecting heirs. Considering the amount of work and the varied adjustments to be made, we are not inclined to regard the fees or the apportionment of them as unfair or excessive in any respect. The cause should therefore be affirmed.—Affirmed.

MILLER, SMITH, MULRONEY, WENNERSTRUM, MANTZ, OLIVER, and BLISS, JJ., concur.

GARFIELD, C. J., takes no part.