STATE OF IOWA ex rel. GREENE COMMUNITY SCHOOL DISTRICT et al., appellees, v. RUDD, ROCKFORD, MARBLE ROCK COMMUNITY SCHOOL DISTRICT et al., appellants.

No. 49760.

(Reported in 98 N.W.2d 820)

OCTOBER 20, 1959.

Zastrow, Noah & Smith, of Charles City, and B. C. Sullivan, of Rockford, for appellants.

James H. Graven, of Greene, Shepard & Shepard, of Allison, and Mason & Stone, of Mason City, for appellees.

HAYS, J.—Quo warranto to test the validity of the reorganized Rudd, Rockford, Marble Rock Community School District which embraces territory in Floyd, Cerro Gordo and Mitchell Counties, Iowa. The trial court held the organization to be illegal and defendants appealed.

The chief question presented on appeal, and the sole basis upon which the trial court based its decision, revolves around the territory in Mitchell County, which is located at the extreme northern tip of the district.

The record shows that Cedar Township, Mitchell County, is irregular and does not follow the Government subdivisions. In said township are Sections 13 and 14, Range 17. In the original petition filed with the County Superintendent of Floyd County, there was included in the proposed district—"The East one half of Section 14 and the South one half in the West one quarter of the North one half of Section 13, all in Township 97 North, Range 17 West", and other land in said township which was later removed by the joint Boards, and not material here. It clearly appears that this described land is some four miles east of the proposed district and noncontiguous. It also clearly appears that land of the same description, except it is in Range 18, is contiguous to the rest of the proposed district. Attached to the petition, and by reference made a part thereof, is a plat showing the boundaries of the proposed district. This clearly indicates that the Sections 13 and 14 in said township, which are included in the proposed district, are located in Range 18. Thereafter, the various notices required by law were published and described the land as being in Range 17. However, as a part of each publication was a plat showing the boundaries of said district to include land of like description in Range 18 instead of 17. It further appears that on election day there were ten eligible voters living on the land in Range 18 and all ten voted at the election in favor of the reorganization. The total vote on the proposed reorganization was 1221 yes votes, 250 no votes, with all districts voting favorable to it.

The trial court found that the petition, filed in the office of the County Superintendent of Floyd County on April 6, 1957, which asked for inclusion of land in Range 17 (as above set forth), was defective and insufficient to confer jurisdiction over the subject matter, and jurisdiction was not later acquired as the misdescription was contained in all subsequent proceedings.

The proposed organization on April 6, 1957, was commenced under the provisions of chapter 275, Code of 1954, specifically section 275.12, by the filing of the petition. Section 275.12 provides "a petition describing the boundaries of the proposed district * * * shall be filed with the county superintendent * * *." "Describe", according to Webster's International Dictionary, means "To mark out; to trace or traverse the outline of; as, to describe a circle by the compasses." 26A C. J. S., page 858, states Describe means "to delineate, depict, portray; to represent; to set forth; to sketch."

In Livingston v. Stevens, 122 Iowa 62, 71, 94 N.W. 925, 928, which deals with a question of the sufficiency of the description of property in a chattel mortgage, it is said: "When a mortgage contains a description, part of which is true and part false and erroneous, that which is false or erroneous may be stricken out as redundant or superfluous, and the description will be sufficient if enough remains to lead a third party, by the inquiries it suggests, to the identification of the property covered by it."

While we do not mean to say that the matters presented in the Livingston case are at all similar to the instant case, we think the thought expressed in the above "quote" is apropos.

Section 275.12 requires that the petition "[describe] the boundaries of the proposed district." Attached to the petition, and as distinctly a part thereof as are the legal descriptions of the land embraced in the proposed district, also set forth therein, was a plat which correctly showed the perimeter of the proposed district. Such appears to be in strict accord with the statutory requirement, then in force and effect, and was sufficient to convey jurisdiction. The inclusion in the petition of the legal description of the land was surplusage and, if correct, added nothing and detracted nothing from its sufficiency.

■ Concededly the legal description of the land located in Cedar Township, Mitchell County, was incorrect. Thus the question presented appears to be whether this error, superfluous though it be, confused and prejudiced the rights of anyone entitled to participate, in any capacity, in the proposed reorganization. No claim is made that it did and there is not one word of evidence in the record to such effect. We hold the petition filed on April 6, 1957, conformed, at least substantially, with the statutory requirements as, likewise, did all subsequent steps required in the reorganization procedure and that the trial court erred in holding the school district to be de facto, not de jure. In support of this holding see State ex rel. Warrington v. Community School District of St. Ansgar, 247 Iowa 1167, 1179, 78 N.W.2d 86; State ex rel. Cox v. Consolidated Independent School District of Readlyn, 246 Iowa 566, 68 N.W.2d 305; Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189; State ex rel. Ondler v. Rowe, 187 Iowa 1116, 175 N.W. 32.

While both the trial court and appellees attempt to distinguish State ex rel. Warrington v. Community School District of St. Ansgar, supra, on the facts, they both ignore the fact that the plat was attached to the petition in the instant case which is a material fact to be considered.

We hold the Rudd, Rockford, Marble Rock Community School District is a valid existing district and that the decree of the trial court must be reversed. Under this holding, other assigned errors become moot and we do not comment thereon.—Reversed.

All JUSTICES concur.