WM. BRANDERHORST et al., appellants, v. COUNTY BOARD OF EDU-
CATION OF MARION COUNTY et al., appellees.

No. 49801.

(Reported in 99 N.W.2d 433)

NOVEMBER 17, 1959.

H. E. deReus, of Knoxville, and Life & Davis, of Oskaloosa, for appellants.

Carroll Johnson and Bert A. Bandstra, both of Knoxville, for appellees.

LARSON, C. J.—Plaintiffs brought certiorari to test the validity of the reorganization proceedings wherein Area No. 3 Community School District of Marion County, Iowa, also known as the Knoxville Community School District, was formed. Plaintiffs alleged many unlawful and improper actions, including a Constitutional violation. The writ issued May 2, 1958, and subsequent to hearing thereon the trial court filed its findings of fact and conclusions of law disposing of all propositions which were argued before the court.

Only one proposition is presented to us in this appeal. Defendants contend it was not raised or argued before the district court. Plaintiffs contend it appeared under their pleadings and proof that the eligible voters living in an area of Victory Central School District, which was not included in the proposed new school district, were not permitted to vote, contrary to the express provisions of section 275.20 of the Iowa Code. They argue here for the first time that, because of such exclusion, the election December 10, 1957, was void and the subsequent proceedings establishing the new district were invalid.

As a basis of this contention plaintiffs refer to the general allegation in their petition, paragraph 5(c), which states, "and that the elections held were contrary to law and are invalid", and to the testimony by the only witness, Mr. C. S. Thomas, relating to the areas involved in Unit 3 as proposed by the amended county plan. In response to the question, "All right, so as to the particular election that you speak of there were people living within the area of Unit 3, as shown by Exhibit A of Exhibit I, that either did not get to vote on the question or were not permitted to vote on the question, is that correct?" Mr. Thomas said, "* * * As to the area of Unit 3 or any portion thereof and the number of elections that have been held subsequent to the time of the so-called establishment of the master map or plan as shown by Exhibit A of Exhibit I there are two proposals for reorganization and election has been held. I believe the second proposal was presented, the second election was held in November 1957 and the one that carried. Those areas not included in Unit 3 of Exhibit A of Exhibit I did not get to vote. At the time the last election was held the Board of Education had not adopted any other plan or different from Exhibit A of Exhibit I, that is our master plan and we stand with it. * * *."

Without passing upon the sufficiency of this evidence, we agree with defendants' contention that, in view of the fact this issue was not presented as an issue or argued to the district court, we should not entertain it here.

I. An issue or contention not raised in the lower court will not be considered for the first time on appeal. This has been our consistent and repeated pronouncement. Neibert v. Stone, 247 Iowa 366, 367, 73 N.W.2d 763; Rubin Bros. Butter & Egg Co., Inc., v. Larson, 245 Iowa 741, 746, 63 N.W.2d 908, 911, and citations; Turner v. Zip Motors, Inc., 245 Iowa 1091, 1101, 65 N.W.2d 427, 433, 45 A. L. R.2d 1174; Jackson Wholesale Florists v. Schappaugh Floral, 246 Iowa 1189, 1194, 70 N.W.2d 154, 157; McCornack v. Pickrell, 231 Iowa 737, 741, 2 N.W.2d 57, 59; Kallem v. Kallem, 232 Iowa 1269, 8 N.W.2d 250; Kurtz v. Taylor-Kurtz, 228 Iowa 256, 290 N.W. 686; Davis v. Nolan, 49 Iowa 683; King & Co. v. Wells, 106 Iowa 649, 653, 77 N.W. 338. In Neibert v. Stone we said on page 367 of 247 Iowa: "This

contention was not presented to or considered by the district court and defendant is therefore not entitled to urge it here. Accordingly we decline to consider it."

This is the rule in most jurisdictions, and is quite logical when applied strictly to appellate courts whose primary purpose is to correct errors in the trial below. While we are not so restricted, we have properly adopted the rule in fairness to the lower court and the litigants. So unless at some stage in the proceedings before the trial court the proposition, issue or contention is made by the litigant, we usually decline to consider it in the appeal. This rule and its application are ably discussed in a recent article in the Fordham Law Review, Winter, 1958-59, pages 477–512, by Allan D. Vestal, entitled "Sua Sponte Consideration in Appellate Review." Many authorities are cited therein from all jurisdictions, typical of which is the statement in Arkansas Bridge Co. v. Kelly-Atkinson Constr. Co., 1922, 8 Cir., 282 F. 802, 804: "The law requires that errors, to be reviewable, must have been definitely and timely called to the attention of the trial court, in order to afford that court a fair opportunity to pass upon the matter, and correct its own errors, if any." Also see 3 Am. Jur., Appeal and Error, section 820, page 361.

 From a careful search of the record we find nothing which could be called a definite or timely district court advisement of the proposition now urged upon us. Furthermore, we find no motion of any kind following the trial court's lengthy and well-considered opinion, which advised the court even at that late hour that it had overlooked the proposition or contention now made in this case. The trial court's conclusion of law mentions all the issues brought to its attention and which it considered. They were numerous, but in no place do we find even a hint as to the issue now raised. Nor does any reason appear as to why it did not have the opportunity to consider this issue and pass upon it. We, therefore, assume that the issue as to whether the election was invalidated because persons residing in the part of Victory Central School District not included in the reorganized district "did not get to vote" was not urged upon the trial court.

II. It is suggested by defendants that this proposition was

an afterthought, and that it does not seem reasonable that if the plaintiffs were aware of the amendment to section 275.20 by chapter 128, section 5, Acts of the Fifty-seventh General Assembly, they would have overlooked the issue of possible disfranchisement of qualified voters if it was involved. The amendment provided, "* * * that where a portion of an existing school district operating a high school, or a rural independent school district of eight (8) sections or more operating a school formed prior to the effective date of this Act, is included within the boundaries of the proposed new school corporation, that affected school district shall be defined as that existing district within and without the proposed new school corporation, and in such districts the entire district shall vote."

While defendants' contention that the term "rural independent school district" as used in the Act would not include Victory Central, for it was a consolidated school, has no merit (Des Moines Independent Community School District v. Armstrong, 1959, 250 Iowa 634, 95 N.W.2d 515), we think there is merit in their contention that there is no showing that any eligible or qualified voter residing in the territory composing the Victory Central School District was denied the right to vote in the December 10, 1957, election. At least, there was no clear or direct allegation to that effect, and no specific evidence of any such denial, except such inference as may be drawn from the Thomas statement. In the absence of directed attention by way of argument to the court, its sufficiency is most doubtful.

In this connection it may be pointed out that we recently affirmed the district court judgment in refusing to invalidate an election and set aside a school reorganization where voters of a township were not properly advised as to their right to vote, but did in fact vote. State ex rel. Greene Community Sch. Dist. v. Rudd, Rockford, Marble Rock Community Sch. Dist., 1959, 250 Iowa 1269, 98 N.W.2d 820. Also see on this subject State ex rel. Warrington v. Community School District of St. Ansgar, 247 Iowa 1167, 1179, 78 N.W.2d 86, 93, where we said, "Apparently no otherwise qualified voter in the territory included in the approved plan was refused a right to vote, and no voter was shown to have been misled" by the error.

While inconsequential results may not be a valid excuse for a failure to comply with the legal requirements in holding such an election, it is observed here as it was in the Greene Community School case, supra, the only different result if others in Victory Central had voted would have been to add to the majority "no" vote, or change it to a "yes" vote on the reorganization question. The proposal carried in the proposed district by a total of 627 "yes" to 203 "no" votes. It prevailed in 22 districts and failed in five districts, one of which was Victory Central. There is no claim the votes which were allegedly denied residents in Victory Central would have in any way changed the results of the election.

III. We have often said the express policy of the legislature is to encourage the reorganization of school districts in the state, and we have repeatedly stated we believed it our duty to liberally construe the law with a view of promoting those objectives. Board of Education of Franklin County v. Board of Education of Hardin County, 1959, 250 Iowa 672, 95 N.W.2d 709. By that we, of course, do not mean we think the end justified the means, but unless prompt and proper steps are taken to present the complaints and all of them to the court, any belated propositions such as the one proposed herein will not be a sufficient showing to get consideration in this court. The Knoxville Community School District began operating July 1, 1958, and is now going into its second school year. We would be most reluctant under these circumstances to set aside the election of December 10, 1957, and dissolve the new district, and must hold that the proof offered of the claimed violation was not sufficiently clear, nor the issue properly raised and considered by the district court, to be considered by us in this appeal. The judgment of the trial court dismissing plaintiffs' petition must be affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., who takes no part.