## PATTERSON *v.* STILES.

It is not necessarily a sufficient ground for quashing a writ of attachment that it does not follow the action, or, in other words, that the suit is against two, and the writ against one of the defendants only.

Nor is it a sufficient reason for quashing an attachment issued in a suit against two defendants, that the attachment bond is made to one, and not to both, defendants.

Where in an action against two defendants, on a joint promissory note, the petition asked an attachment against one of the defendants, on the ground that he had disposed of his property, with intent to defraud his creditors, and upon which a writ of attachment issued; and where at the return term of the writ, the defendant, against whom the attachment issued, moved the court to quash the writ, for the following reasons: 1. That the writ does not follow the action, in this—the cause of action is joint and the suit against two defendants, whilst the writ runs against one defendant only; 2. The petition shows no cause for a joint writ of attachment; the writ is not against both defendants, but against one, when the same could only issue against both; 3. That the attachment bond does not follow the action, it being given to one, and not to both, defendants: which motion was overruled by the district court: *Held*, that the court properly overruled the motion.

*Appeal from the Johnson District Court.*

SATURDAY, APRIL 10.

In an action against Franklin and Frederic Stiles, on a joint promissory note, made by them, the plaintiffs asked a writ of attachment against the separate property of Franklin Stiles, alleging, as cause why the writ should issue, that the said "Franklin had disposed of his property, with intent to defraud his creditors." The writ was issued, and levied on the property of the said Franklin Stiles, who appeared and moved the court to quash the writ for the reasons:

1. That the writ does not follow the action in this: that the cause of action is joint, and the suit against two defendants, whilst the writ runs against one defendant only.

2. The petition shows no cause for a joint writ of attachment: the writ is not against both defendants, but against one, when the same could only issue against both.

3. That the attachment bond does not follow the action, it being given to one, and not to both defendants.

The motion was overruled, from which decision the defendant appeals.

*Clarke & Henley*, for the appellant.

*William Smyth*, for the appellees.

STOCKTON. J.—The only question is, whether the district court properly overruled the motion. The appellants have cited us to the case of *Currier* v. *Cleghorn*, 3 G. Greene, 523, in which, as they claim, the question has been determined by this court. That was a suit against partners, on a promissory note, made by the firm. The cause alleged for the writ of attachment, applied to one of the defendants only; the writ was asked against his separate estate, and was issued and levied accordingly. The court held, that as it was not shown that the other member of the firm was insolvent, nor that the partnership assets were not sufficient for the payment of the debts, the writ could not issue against the private property of one of the members of the firm; and that where suit is brought on a joint note, the affidavit for the writ of attachment must be against both defendants, or some good cause shown in the affidavit why it could not be so made, in order that the court may be informed why the plaintiffs proceed against the private property of one of the defendants only. The court held, by implication, at least, as we understand it, that if it appears that one of the members of the firm is insolvent, or that the partnership assets are insufficient to pay the debts of the firm; or if any good reason is shown why the affidavit for the writ cannot be made against both of two joint obligors, the writ may issue against one of them only. It is not, therefore, necessarily a sufficient

ground for quashing the writ, that it does not follow the action; or that the suit is against two, and the writ against one of the defendants only. Nor is it a sufficient reason for quashing the writ, that the attachment bond does not follow the action, in that it is given to one, and not to both, defendants. The case of *Currier* v. *Cleghorn*, *supra*, is authority for the ruling of the district court, that the bond is to be given to the person against whom the writ issues. It is not set down in the motion, as a ground for quashing the writ, that no cause is shown in the affidavit why the same is not against both defendants, nor why the plaintiffs seek to proceed by attachment against one of the joint obligors only. Whether this objection, if made in the district court, would be sufficient to require that the motion to quash should be sustained, we do not deem it necessary to inquire. It is sufficient that the court did not err in refusing to quash the writ, for the reasons urged. This court has held in *Danforth, Davis & Co.* v. *Carter & May*, 1 Iowa, 552, that a party is not to be surprised in this court, by new objections and new issues, not made in the district court, upon defects of which he has not been advised by motion or otherwise, and which it would have been in his power to remedy, had objection thereto been taken in proper time and manner.

Judgment affirmed.