40   419
103   476

THE STATE v. CUDDY.

Practice: APPEAL.   Advantage cannot be taken upon appeal of a question not passed upon by the court below.

*Appeal from Monroe District Court.*

MONDAY, APRIL 26.

ON April 30, 1874, an information was filed before a justice of the peace accusing the defendant of the crime of assault and battery upon the person of Honora Sullivan, with a blacksnake whip, and striking her therewith, and trying to ride his horse upon her.   A trial was had before the justice,

and the defendant was fined fifty dollars, and costs, taxed at $67.10. He appealed to the District Court, where there was a jury trial, resulting in his conviction, and thereupon he was fined ten dollars, and costs, taxed at $374.90. The defendant again appeals.

*Dashiell & Andrews*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

COLE, J.—The only point argued by appellant's counsel here is grounded upon an alleged defect in the information. It appears that the information itself was regular and formal, and was duly signed by the prosecuting witness with her mark. Following this, were the words: "Subscribed and sworn to before me by Honora Sullivan, this 30th day of April, A. D. 1874. ———————, Justice of the Peace," but no name was signed to the jurat. It is here insisted that the information was not sworn to, and that the defendant could not, under Const., Art. 1, Section 11, be legally convicted, except upon an information under oath. The difficulty with appellant, however, is that this point was not made in the court below, and cannot therefore be made here—since this court is an appellate court to determine questions of error in the court below. If that court has not passed upon the question, how can this court say that it has erred? Besides, if the question had been there made, the omission might have been supplied, or it might have been shown that the information was duly sworn to and the failure of the justice to sign the jurat was a mere oversight. We cannot say that the information was not sworn to. The justice, in his transcript, certifies that it was made under oath. The record discloses two questions upon the evidence, but they are not argued by counsel, nor do we see any error in the rulings of the court. They require no further notice.

AFFIRMED.