IN THE MATTER OF THE ESTATE OF JOSEPH Z. MOORE, Deceased, NORA L. CARROLL, Executrix, Appellant.

ELLA R. MOORE v. NORA L. CARROLL, Appellant.

JOHN W. FOSTER v. NORA L. CARROLL, Appellant. ·

**Appeal:** ISSUE BELOW. An action against an executrix for an accounting was referred for that purpose, and it appeared that the executrix charged herself in her accounts with the rents of lands. The referee charged her the same in his report, and no exception was taken thereto and passed on by the district court. *Held*, the supreme court, on appeal by the executrix, could not pass on the question whether she was properly charged with such rents.

REVIEW: *Evidence*. Whether an executrix was properly removed, cannot be determined on appeal, unless all the evidence is in the record.

*Same*. Whether a judgment that a widow elected to take under the will was proper, cannot be determined on appeal, unless all the evidence is in the record.

*Appeals from Guthrie District Court.*—HON. A. W. WILKINSON AND HON. J. H. HENDERSON, Judges.

MONDAY, OCTOBER 25, 1897.

APPEALS were taken by Nora L. Carroll from an order made in an accounting of herself as executrix of the estate of Joseph Z. Moore, deceased, from an order

removing her as such, and a decree declaring that she had elected to take under the will.—*Affirmed.*

*Bishop Bowen & Fleming* for appellant.

*Powell & Paschal* and *J. W. Foster* for appellee.

LADD, J.—Three separate cases are brought here on this appeal. It appears that Joseph Z. Moore died December 18, 1889, leaving a will, which was admitted to probate February 12, 1890, and, as therein directed, his wife, Nora L. Moore, now Nora L. Carroll, was appointed executrix, without bond. The estate consisted of a large amount of land and personal property. The will provided, in substance, that the chattels should be sold by the executrix, that out of the proceeds thereof she be paid one thousand, two hundred dollars, due her, and, after the payment of the debts of the deceased, the balance, together with the proceeds of the sale of the land, which was directed to be sold, be divided into three parts, one to be paid to the executrix, and the remaining two parts to be loaned on real estate security, and the interest thereon be paid to the four children annually, and, when the youngest attain majority, be divided equally among them. It will be noticed that the money derived from the sale of the property, and not the property, was distributed to the widow and heirs. The executrix converted the personal property into money, collected the rents of the land without selling it, and filed several reports. Ella R. Moore, one of the children, filed a petition in equity, November 15, 1894, demanding an accounting. This was transferred to the probate calendar, and an accounting ordered, being referred for that purpose. To the report of the referee several exceptions were filed, and the account finally settled by the court. The executrix was charged with the rents of the land, and was

only allowed family expenses for one year, and these rulings are the only ones complained of in that proceeding. The questions cannot be passed upon by this court. The executrix charged herself with the rents in her report. The referee did likewise in his report, and no exception was taken thereto and passed upon by the district court. On what theory an executrix could be relieved from accounting for the income of property directed by the will to be converted into a trust fund for the benefit of the heirs, during the time necessary for making the sale, or while wrongfully withheld from sale, may be difficult to understand, and, as the question was not raised in the lower court, need not be considered here. Nor was the authority to disallow large sums improperly charged the estate for family expenses in the report of the referee, ever brought in question in the district court. The exceptions filed do not refer in any way to the disallowance of such items by the referee. That the district court must be given an opportunity to pass upon all questions before their consideration here, is not doubted. *Danforth v. Carter*, 1 Iowa, 552; *Patterson v. Stiles*, 6 Iowa, 54; *State v. Cuddy*, 40 Iowa, 419; *Machine Co. v. Richardson*, 89 Iowa, 225; *Porter v. Goble*, 88 Iowa, 565; *Byers v. Johnson*, 89 Iowa, 278.

II. Upon the application of Ella R. Moore, the executrix was removed, and John W. Foster appointed administrator with the will annexed, in her stead, and of this she complains. But it is conceded the evidence is not all before this court, and without it we cannot determine whether the district court properly exercised its discretion.

III. Foster applied to the court for a construction of the will, and to determine whether the widow had accepted thereunder. The court held that she had elected to take under the will. Whether she had done so can only be determined from the consideration of all the evidence, and, as said before, this is not before us.

While the questions raised do not seem difficult of solution, owing to the condition of the record we cannot consider them, and the orders and decree of the district court will stand AFFIRMED.