OLLIE V. GOLTRY et al., Appellees, v. W. R. RELPH et al., Appellants.

No. 43980.

DECEMBER 14, 1937.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellees.

James W. Wilson, for appellants.

ANDERSON, J.—This was an action upon an injunction bond which was signed by the defendants in a former action, Relph, Trustee v. Goltry et al., 213 Iowa 1118, 1121, 240 N. W. 646, 647, in the district court of Lucas County, Iowa. The plaintiffs in the instant case were the defendants in the former case. The plaintiffs in the case at bar, Fred R. and Ollie V. Goltry, had been married thirty-eight years, were farmers and had lived upon a farm of 112 acres since 1912. The land was encumbered by a mortgage of $4,000. On July 18th, 1930, Fred R. Goltry transferred the title to the land in question to his wife, Ollie V. On December 8th, 1930, Fred R. was adjudged a bankrupt and W. R. Relph, one of the defendants herein, was appointed trustee. In April, 1931, the holder of the $4,000 mortgage obtained a decree of foreclosure. No receiver was appointed in said action and on a sale under the foreclosure decree all of the 112

acres, except a forty-acre tract platted and claimed as a homestead, was sold for the full amount of the judgment and costs in the foreclosure case. W. R. Relph, the trustee in bankruptcy, intervened in the foreclosure suit contending that he had a right to have a part of the mortgage debt apportioned and charged against the homestead. He obtained no relief under this contention. He also claimed, by way of a creditors' bill, that the deed of conveyance from the husband to the wife was invalid as against creditors. On this contention he obtained a decree awarding him a lien upon the nonexempt real estate subject, however, to the lien of the Federal Land Bank mortgage. The deed from the husband to the wife was not set aside; neither was the trustee given any right to the present possession of any of the real estate. No execution was issued upon the lien thus obtained by the trustee and no further court action instituted by him to obtain any benefits under his lien thus established. As we have indicated, the nonexempt property was sold under the foreclosure proceedings for something over $4,400, the amount of the foreclosure decree, and it is conceded by all parties that there was no equity left in the seventy-two acres of nonexempt real estate. The plaintiffs, Goltry, were in possession and farming all of the land during the season of 1931. On the nonexempt land there was forty acres of oats and the balance of the acreage was in bluegrass pasture. In May, 1931, Relph, trustee, filed an action in the district court of Lucas County against the Goltrys and the sole relief sought in that action was the issuance of an injunction restraining the defendants in that action, the Goltrys, from ''exercising, or attempting to exercise, any control over the real estate, hereinafter described or from, in any manner, by word or act or deed, interfering with the complete control over the said real estate hereinafter described, by W. R. Relph, trustee in bankruptcy, or by any tenant he may be able to place in control of said real estate as tenant, or from in any manner, by act, word, or deed preventing him, the said W. R. Relph, trustee in bankruptcy, from leasing the premises hereinafter described, or from putting any tenant to whom he may lease said premises in possession thereof, or from in any manner, interfering by word, act, or deed, with any tenant to whom the said W. R. Relph, trustee in bankruptcy, may lease said premises or from doing, or attempting to do, anything in the way of exercising control or manifesting any claim or right or ownership in or to

the premises hereinafter described.'' The land described in the writ of injunction was all of the 112 acres of land except the homestead forty. A temporary writ of injunction was issued enjoining and restraining the defendants in the language above quoted, and by virtue of such writ the said Relph, trustee, took possession and sold the entire field of standing growing forty acres of oats for $12.50, which was later harvested and thrashed by the purchaser yielding something over 1600 bushels; he also took possession of and rented the pasture land for a nominal sum during the balance of the season. It will be noted that the issuance of the temporary writ of injunction, in fact, acted as an ouster of the Goltrys and as a writ of possession to the trustee; that the writ of injunction was thus effective is evident by the fact that the Goltrys were cited for contempt of court by reason of the violation of the injunction. The trustee, Relph, testified in the instant case that he had no order from the referee in bankruptcy to take possession of the forty acres of oats or the pasture land, and that he did not apply to the district court or the bankruptcy court for the authority so to do, and that the only authority that he had for so doing was the writ of injunction.

Upon a hearing of the injunction case upon its merits, the temporary writ was made permanent. From that final order an appeal was prosecuted to this court, Relph, Trustee, v. Fred R. Goltry, et al., supra. Upon the appeal this court held, in effect, that the injunction was wrongfully issued and should be dissolved forthwith. After procedendo was issued and filed in the district court of Lucas County a final decree was entered thereon by the district court, the material part of which is as follows:

''It is now therefore ordered, adjudged and decreed that plaintiff's petition is dismissed, the injunction heretofore granted is dissolved, and judgment is rendered in favor of defendants and against the plaintiff for the costs of this action, taxed at $45.90.''

Such is the statement of facts as we have obtained them from a very incomplete and fragmentary abstract of the record. After the proceeding above outlined the Goltrys, appellees, commenced the present action to recover damages, by reason of the wrongful issuance of the writ of injunction, upon the $1,000 injunction bond filed by the appellants, W. R. Relph, trustee, and

H. E. Post, surety. This case was tried and submitted to a jury resulting in a verdict for the plaintiffs for something over $700. The defendants appeal.

From quite an incomplete assignment of error we conclude that the appellants' contentions are that the plaintiffs failed to show by any competent evidence that the issuance of the writ of injunction was wrongful or that it was continued by any wrongful act on the part of the defendants; and further that the opinion of this court in Relph, Trustee, v. Goltry et al., supra, holds that the injunction was not wrongfully issued; and, further, that the trial court erroneously instructed the jury in the case at bar to the effect that "by the proceedings in the former suit it was determined that said writ of injunction was wrongfully sued out, and said determination is binding and conclusive upon the parties in this action, and cannot be relitigated herein." The contentions above mentioned were made in a motion for a directed verdict at the close of all of the testimony and were again incorporated in a motion for a new trial. Both motions were overruled by the court.

■■■ We are inclined to the opinion that the final decree entered in the district court following the direction of this court in the former appeal was the final adjudication of the matters involved in the trial of the former case, and that the final decree, not having been questioned in any way, stands as a verity and is decisive as to the questions involved on this appeal.

■■■ Former Justice Evans, who wrote the opinion in the former appeal, held that the bankruptcy proceedings did not support the plaintiff's claim either to the right of possession of the real estate or the growing crops; the legal title to the land involved was in the wife and no jurisdiction of her was had in the bankruptcy court. Judge Evans further held that by the trustee's intervention in the foreclosure suit asking that the mortgage debt be apportioned and a part of it charged to the homestead gave the trustee no rights because such relief was denied him. However, he was granted some relief in that action by obtaining a lien on the seventy-two acre nonexempt tract subject, however, to the lien of the mortgagee. Judge Evans then continued in his opinion with the following language:

"This was the full extent of the relief awarded him in such decree. *It did not give him a right of present possession;*

(Italics supplied) nor did it set aside the deed to the wife, in any other sense than that it established a lien in favor of the plaintiff.''

We are satisfied with the conclusion that the opinion in the former appeal is determinative of the issues involved in the injunction suit, and that the final decree of the district court dismissing the injunction action followed the opinion and determination of this court in the former appeal and is determinative of the issues involved in the appeal in the instant case.

■■■ We have thus disposed of this appeal upon the merits. However, there is another question raised on a motion to dismiss the appeal filed by the appellees which deserves some attention. The appellants filed an abstract on this appeal consisting only of the pleadings, the testimony of two witnesses, the instructions of the court, final judgment, motion for a directed verdict and motion for a new trial and the rulings thereon. The appellees deny the correctness of the abstract and file a motion to dismiss based upon the incompleteness of the abstract and a failure on the part of the appellants to observe the provisions of section 12850-g1 of the Code. The section mentioned is as follows:

''The shorthand reporter's translation of his report of a trial, duly certified. by said reporter as correct, and from which an abstract, or an amendment to the abstract, has been prepared and served on appeal, shall be filed with the clerk of the district court immediately after said abstract or amendment is served on the opposite party, and be deemed a public record for the use of all parties to the appeal.''

The appellants ignored the provisions of the above-quoted section. Upon the denial of the abstract by the appellees the appellants caused no certification of the record to be made; indeed, such certification would have been of no avail because it appears that there was only filed with the clerk of the district court a translation of the shorthand reporter's notes of the testimony of two witnesses taken upon the trial of the case, while many other witnesses and documentary evidence were introduced. Under this state of facts the appellees could not prepare and file an amendment to the appellants' abstract for the reason that no complete translation of the reporter's shorthand notes was filed with the clerk as provided in the section quoted. And whether

the translation that was omitted was material to a fair and full presentation of the record in this court is not to be determined by the appellants. In this case the appellees contended that much of the record omitted from the translation was material to a determination of the appeal, and that the appellees were powerless to show such omitted record without obtaining a complete translation of the shorthand reporter's report of the trial. We are inclined to take the appellees' view of the construction of this statute and its requirements, that the statute was enacted by the 46th General Assembly for the purpose of expediting appeals and for the purpose of requiring the appellant to obtain and file a full and complete transcript or translation of the reporter's notes. The construction we have put upon this statute does not antagonize the provisions of Rule 16 of this court, which requires only so much of the record as may be necessary to a full understanding of the questions presented for a decision to be included in the abstract. The appellant may make his abstract as brief as he may elect if it is sufficient to present the issues on appeal; but this does not relieve him from the requirements of the provisions of section 12850-g1 in obtaining and filing a translation of the reporter's notes taken upon the trial. We have thus construed the section of the statute, for the first time, to advise the bar fully that the section under discussion must be strictly followed. However, in the instant case we have not ruled upon the motion to dismiss for the reason, as stated, we have not heretofore construed the section of the statute involved in the motion to dismiss.

For the reasons stated in the foregoing opinion we find no error in the trial of the case and an affirmance necessarily follows.—Affirmed.

HAMILTON, C. J., and MITCHELL, KINTZINGER, RICHARDS, DONEGAN, STIGER, and SAGER, JJ., concur.