A. W. HARROUN, Appellee, v. JOSEPH SCHULTZ, Appellant.

No. 44405.

MARCH 14, 1939.

R. W. Zastrow, for appellee.

Helsell, Burnquist, Bradshaw & Dolliver, for appellant.

HAMILTON, J.—Appellant's abstract was served on the appellee on March 31, 1938, and filed with the clerk of the supreme court of Iowa on April 2, 1938. The transcript of the record, from which the appellant's abstract was prepared, was not filed in the office of the clerk of the district court of Floyd county, Iowa, the county where the case was tried, for more than six months thereafter.

Appellee has filed a motion to dismiss the appeal because the appellant failed to comply with section 12850-g1 of the 1935 Code of Iowa which reads as follows:

"Shorthand translations—filing. The shorthand reporter's translation of his report of a trial, duly certified by said reporter as correct, and from which an abstract, or an amendment to the abstract, has been prepared and served on appeal, shall be filed with the clerk of the district court immediately after said abstract or amendment is served on the opposite party, and be deemed a public record for the use of all parties to the appeal."

This section of the Code was before this court in Goltry v. Relph, 224 Iowa 692, 276 N. W. 614, and First Trust Joint Land Bank v. Abkes, 224 Iowa 877, 278 N. W. 183, wherein we held the provisions of the statute to be mandatory. In those cases we extended the mantle of charity and refused to enforce the provisions because of the fact that the statute had not previously been construed by the court. The first of the cited cases was handed down in December 1937 and, generally speaking, the bar must be cognizant of the pronouncements therein contained.

We have no desire to take snap judgment against litigants but statutory regulations and rules promulgated by the court governing the procedure in this court must be observed. We have read the resistance on file and find nothing of a meritorious nature therein excusing noncompliance with the statute.

There is a very simple method which could be pursued by the legal profession that would avoid controversies of this character. The first step in preparing the record for an appeal is the obtaining of a transcription of the shorthand reporter's notes and, if this transcript were filed immediately with the clerk instead of waiting until the abstract has been prepared, the

612

question as to whether the transcript was filed in time to comply with this statute would be entirely eliminated.

Having construed the statute as mandatory and the transcript not having been filed within such time as to comply with the plain provisions of the statute, the only effective method by which the statutory provisions can be enforced is to dismiss the appeal for want of compliance.

Accordingly, the appeal is dismissed.—Appeal dismissed.

RICHARDS, STIGER, OLIVER, HALE, BLISS, SAGER, and MILLER, JJ., concur.

MITCHELL, C. J., takes no part.