LAWRENCE A. KURTZ, Appellee, v. HAZEL R. TAYLOR-KURTZ, Appellant.

No. 45103.

MARCH 12, 1940.

REHEARING DENIED JUNE 20, 1940.

Parrish, Guthrie, Colflesh & O'Brien and Ray Nyemaster, Jr., for appellant.

Guy A. Miller, for appellee.

RICHARDS, J.— ██ In the petition of plaintiff an annulment was prayed of a purported marriage between him and defendant on the ground that, at the time same was entered into, defendant was insane. Defendant not appearing at the time set for trial a guardian ad litem appointed by the court filed a general denial of the petition on behalf of defendant. Thereafter the cause was tried and a decree was entered in which the court found that the allegations in the petition were true, and adjudged that no legal marriage was ever had between the parties. Defendant filed a motion to set aside the default and decree. This motion was heard upon evidence introduced by the parties and was overruled. Thereafter defendant appealed from the decree and also from the order that overruled the motion. With respect to the appeal from the order we are confronted with plaintiff's motion to dismiss. It is supported by a showing that the abstract of record on defendant's appeal to this court was served on plaintiff and filed on October 16, 1939, and by further showing that on January 8, 1940, the shorthand

reporter's translation of his report of the trial on the motion to set aside the default and decree had not been filed in the office of the clerk of the district court. Because it was not filed plaintiff claims in his motion to dismiss that he was unable to make an amended and corrected abstract of the record made on that hearing. Be that as it may, section 12850-g1, Code 1935, required that defendant file the reporter's translation immediately after she served the abstract on plaintiff. This was not done. We have held that the requirement is mandatory. Harroun v. Schultz, 226 Iowa 610, 284 N. W. 450. The motion to dismiss the appeal from the order overruling the motion to set aside the default and decree is sustained.

Adverting to defendant's appeal from the decree, her complaints, when summarized, are the following: First, that the court erred in admitting certain documentary evidence because it was incompetent and irrelevant; second, that the evidence did not sustain the decree of annulment for the reason plaintiff's testimony was not sufficiently corroborated, and for the further reason the evidence did not show that defendant was so mentally incompetent as to render the marriage void or voidable.

The documentary evidence introduced by plaintiff upon the trial that resulted in the decree included copies of judicial records of the district court of Texas in and for Bexar county, duly certified and attested by the clerk of that court. Relying on section 11306, Code 1935, defendant complains that this certified copy was incompetent evidence because it lacked a certificate of a judge of the Texas court to the effect that the clerk's attestation was in due form of law. Plaintiff also introduced in evidence certified copies of records of a Michigan probate court adjudging defendant insane and ordering that she be admitted to a Michigan asylum. The certification of these copies was by the deputy register and clerk of that court. No certificate of a judge of the Michigan court was attached. To these documents the same objections of incompetency are urged as to the certified copies of the proceedings before the Texas court.

Defendant seeks reversal on account of the alleged

errors during the trial in admitting these copies of court records in evidence. The rule is that "a party is not to be surprised in this court, by new objections and new issues, not made in the district court, upon defects of which he has not been advised by motion or otherwise, and which it would have been in his power to remedy, had objection thereto been taken in proper time and manner." Patterson v. Stiles, 6 Iowa 54. The district court must be given an opportunity to pass upon all questions before their consideration here. In re Estate of Moore, 103 Iowa 474, 72 N. W. 674. In the record before us the question whether there were the alleged errors was not raised in the district court during the trial, and unless in some appropriate manner raised in that court after the trial and before the appeal it is raised for the first time in this court in contravention of the rule. If it be said that, after entry of the decree, defendant raised the question in the motion to set aside the default and decree, then in the overruling of such motion would be found the court's error, if any error was committed. But for reasons already stated no appeal from that ruling is before us. We are of the opinion that the question respecting the alleged errors in admission of evidence during the trial has not been presented for decision on this appeal. The claim that the records of the court proceedings were irrelevant because they pertained to defendant's mental condition prior and subsequent to the marriage ceremony would not warrant their exclusion, in view of the record in this case. Ashcraft v. De Armond, 44 Iowa 229.

 With respect to defendant's other complaints, consideration of the evidence that was before the trial court convinces us that it was abundantly sufficient in the respects complained of by defendant. The trial court properly held that defendant was insane when she and plaintiff intermarried. The decree of the trial court is affirmed.—Affirmed.

HAMILTON, C. J., and HALE, OLIVER, SAGER, MILLER, BLISS, STIGER, and MITCHELL, JJ., concur.