F. H. Austin, Appellee, v. Firestone Auto Supply and Service Stores, Appellant.

No. 45990.

June 16, 1942.

Rehearing Denied September 25, 1942.

Breen, Breen & McCormick, of Fort Dodge, for appellant.

Maher & Mullen, of Fort Dodge, for appellee.

Sager, J.—The abstract was filed in this case on February 28, 1942. At that time no transcript of the testimony had been filed in the office of the clerk of the district court, as required by section 12850.1, 1939 Code, nor had it been filed as late as May 7, 1942.

On May 9th, appellee filed a motion to dismiss on the ground of noncompliance with the statute. Appellant does not deny its failure to file a transcript, but seems to attempt to avoid the force of the motion on two principal grounds: (1) That the motion was filed too late; and (2) that the conduct of appellee's counsel led appellant's attorney to think that the filing of the transcript was unnecessary. The first ground is predicated on our Rule No. 19, which, among other things, re-

quires the service of motions on the opposite party "ten days before the morning on which the causes for the district are set for hearing," allowing said opposite party five days in which to file a resistance. The rule further provides, however, that this "shall not apply to motions the causes whereof arise after the filing of the abstract," in which case timely notice should be given.

The resistance filed herein is lengthy and in circumstantial detail, so that it does not appear that appellant was prevented from presenting its excuse for not filing the transcript. It would serve no useful purpose to set out the reasons urged, because it would afford nothing of interest to the bench and bar of this state. What we said in Harroun v. Schultz, 226 Iowa 610, 611, 284 N. W. 450, is so apt that it might well have been written in this case:

"This section of the Code was before this court in Goltry v. Relph, 224 Iowa 692, 276 N. W. 614, and First Trust Joint [Stock] Land Bank v. Abkes, 224 Iowa 877, 278 N. W. 183, wherein we held the provisions of the statute to be mandatory. In those cases we extended the mantle of charity and refused to enforce the provisions because of the fact that the statute had not previously been construed by the court. The first of the cited cases was handed down in December 1937 and, generally speaking, the bar must be cognizant of the pronouncements therein contained.

"We have no desire to take snap judgment against litigants but statutory regulations and rules promulgated by the court governing the procedure in this court must be observed. We have read the resistance on file and find nothing of a meritorious nature therein excusing noncompliance with the statute."

That pronouncement was reaffirmed in Kurtz v. Taylor-Kurtz, 228 Iowa 256, 258, 290 N. W. 686, in this language:

"The motion to dismiss the appeal from the order overruling the motion to set aside the default and decree is sustained."

In the case at bar the motion to dismiss is sustained and the appeal dismissed.—Appeal dismissed.

Bliss, C. J., and Hale, Garfield, Oliver, Miller, and Stiger, JJ., concur.